By the Court. Woodruff, J.
The plaintiff, as tenant in dower of certain portions of the house at the corner of the Eighth Avenue and Thirty-fifth street, assigned to her by commissioners, in a proceeding brought to obtain an admeasurement and assignment of her dower, sues the defendant, the owner of the fee of the premises, and in possession of the portion not assigned to her, to recover an equitable share or portion of the taxes and assessments paid by her for the protection of the whole premises.
The question in controversy was, whether she can recover for moneys so paid; and, if so, what proportion is she entitled to recover from the owner of the fee of the premises, who is also in possession of some of the apartments in the house.
The plaintiff held, as tenant in dower, the larger portion of the apartments in the dwelling, the defendant the residue; the taxes and assessments were laid upon the whole, (i. e., upon the lot of ground, with the dwelling-house thereon); a failure to pay would result in a sale of the entire premises. It was the plain duty of each party, as between themselves, to contribute and pay a just proportion; and we have no hesitation in saying that, if either pay the whole, he or she is entitled to recover back from the other a just proportion thereof. It is not a voluntary payment, but one which the plaintiff is compelled to make to save his own property.
The statutes cited to us, authorizing an apportionment of taxes and assessments in the City of Hew York, do not- provide for an apportionment among owners of different estates in the same land, —as between the owner of the reversion and the tenant in dower. (Laws of 1821, c. 149, p. 143; sess. of 1843, c. 230, p. 325, § 11 of Art. 3.)
*521 The statute declaring the effect of the admeasurement of dower and the recovery thereof, (2 R. S. 491, § 18,) provides, that the widow shall hold the same during her natural life, subject to the payment of all taxes and charges accruing thereon, subsequent to her taking possession. This makes her liable for the taxes upon the premises assigned to her, but by no means for the taxes upon that portion not assigned to her; and it therefore becomes the subject of equitable apportionment, when a part of a house is assigned to her, and the residue is held by the heirs-at-law, or their assigns.
In a case like the present, the duty of each is the proper subject of equitable apportionment, having regard to the benefit accruing from the assessment, whether more or less permanent, and considering also the age of the tenant in dower, and the probable duration of her estate. And, as to the annual taxes, it seems quite clear, that they should be contributed, to by each in the ratio which the annual value of the apartments, etc., held by each bears to the annual value of the whole premises.
The decision at Special Term, was based upon this view of the rights of the parties; and we think the basis of the decision was entirely correct.
Upon the questions of fact, what is the annual value of the whole premises, and what is the value of the respective portions held by the plaintiff and the defendant? the evidence is not very clear, nor free from contradiction; but we can by no means say that the finding of the Court is so clearly against the weight of the evidence, or without evidence, that it should be reversed.
And, in estimating the benefits resulting from the assessments, for permanent improvements, and apportioning them in view of the probable duration of the estate of the plaintiff, it must suffice to say, that there is nothing in the case which indicates to our minds that the apportionment made at the Special Term was not, in all respects, just and equitable, and made in the exercise of that discretion which properly controls a subject of that nature.
The case states, that “Mrs. Sarah- Parks, a witness sworn on the part of the plaintiff, under objection and exception by defendant’s counsel,” testified, etc., (giving her testimony.) The points submitted on the argument by the appellant, urge that this exception is well taken. What is meant by the witness “ being sworn, *522 under objection and exception,” is not very obvious; it would seem that the defendant claimed, that she was an incompetent witness, and that he therefore objected to her being sworn, and excepted to her admission as a witness; but, as there is nothing in the case, and nothing is now suggested indicating that she was incompetent, it is quite possible, that it was intended to represent that the testimony which she gave was objected to on some other ground, and that the Court overruled the objection, and that the defendant excepted to such ruling. We should be reluctant to reverse a judgment upon such a conjectural construction of the meaning of an exception, even if we could find any thing in her evidence that we thought might or ought to have been excluded, if specifically objected to. We cannot sanction that kind of wholesale exception to the whole of the testimony of a witness; and if such exception be taken, and any part of the evidence be legal and proper, the exception ought to fail. It is only just to the adverse party, and to the Court itself, to require the objecting and excepting party to put his finger on the very subject of his objection and exception.
This witness testified, that she occupied, and for ten weeks had occupied, one of the defendant’s rooms and the wood-shed, and paid $3 per month rent. It is now urged, that what this witness paid at the time of, and for ten weeks prior to, the trial, was no evidence of the value of the premises in 1852, and onward. So far from this ground of objection appearing to have been suggested, it appears that most of the testimony given on the trial was of a similar character, and was received without question or objection. But, had the objection been specifically made, it is answered by the suggestion, that a material inquiry was, what is the relative yearly value of the different portions of the premises ? and how shall taxes, down to a period as late as 1856, be apportioned ? The trial was in 1857. Eor this purpose, the evidence was, we think, clearly relevant and proper.
The Court properly refused to allow an affidavit, made by the commissioners who admeasured the dower, to be read, to show' how they estimated the value of the premises, and that they took into consideration the large amount of taxes on the corner lot:—. 1st. It was no proper part of the record; 2d. If they made the admeasurement upon any erroneous principle or assumption, it *523 could not affect the plaintiff’s rights, so long as the admeasurement remained in force; if wrong, the defendants, in that proceeding, should have had it set aside; and, 3d. It did not show, nor tend to show, that the admeasurement was made upon any idea that the plaintiff must pay more than her just share of the taxes, etc., upon the corner lot, however large they might be; and this answers, also, the offer, made by the defendant, to prove orally that the commissioners made the assignment of dower, assigning to her what was an undue proportion, unless apportioned to her on the basis of her paying the taxes and assessments.
Ho such evidence can be competent, in any view of the subject, in a collateral action: the assignment of dower must here be conclusively presumed to have been just and made upon correct principles.
It is insisted, that the Court erred in allowing interest to the plaintiff. Upon every just view of the subject, the plaintiff, if entitled to recover at all, should recover interest from the time of suit brought; and an exception to the allowance of any interest cannot therefore be sustained. From what precise day the Court below allowed interest, is not apparent, but a computation will show that the amount allowed is very little more,—less than two dollars more,—than the interest from the date of the summons.
We think, however, that the plaintiff might equitably have been allowed a greater amount of interest than was allowed on the taxes and water rate paid.
It was the duty of the defendant to pay his share of the taxes, etc. Had not the taxes been paid by the plaintiff, the rates of increase by law, imposed by way of penalty for suffering taxes to remain in arrear, greatly exceed the legal rate of interest, and that penalty is saved to the defendant; and this is also true of the water rate and assessments, after the lapse of certain periods prescribed by law.- The defendant, therefore, would have been a considerable gainer, even had he been charged with interest from the dates of the respective payments, as we think would have been equitable. So that, in this respect, we deem the judgment less than the plaintiff was entitled to.
But we find that, besides the tax for the Croton water for the use of the premises generally, there was a tax for water for the use of the bar in the store, which belonged exclusively to the *524 plaintiff, and which tax it in nowise belonged to the defendant to pay or contribute to; and this last named tax, of five dollars a year for three years, is included in the aggregate apportioned between these parties, and by this means the sum of two dollars and seven cents is cast upon the defendant, which he was not liable to pay. We should do no injustice if we allowed this error to remain uncorrected. What we deem erroneous, in respect to interest, more than balances it. Still, as the plaintiff has not appealed, it will be safer as a precedent, if not our clear duty, to allow the defendant the two dollars and seven cents.
This sum must therefore be deducted from the judgment, and the judgment be affirmed for the residue, with costs of the appeal.
Ordered accordingly.