## LINDEN vs. GRAHAM.

One who is the owner in fee and in the possession of real estate, subject to the right of dower of a widow therein, may maintain an action against the widow, under the act of April 12, 1855, to provide for the due apportionment of taxes and assessments, &c., for an adjustment and apportionment of the taxes and assessments which are a lien upon the premises, and for a decree directing the widow to pay her proportion of such taxes and assessments, viz. such portion thereof as has been assessed upon the property set off to her for dower.

THE complaint in this case alleged that the plaintiff was the owner, by lawful title in fee and in possession, of certain premises therein described, subject to the dower right of the defendant; that the defendant is the widow of William Graham, deceased, who, at the time of his death, was the owner of two lots of land on the southeasterly corner of the Eighth avenue and Thirty-fifth street in the city of New York, being in front on the Eighth avenue forty-eight feet four and one-half inches, and on Thirty-fifth street seventy-seven feet and four inches; that the heirs of said Graham conveyed said premises to James Linden, and said Linden subsequently, and on or about the 25th day of April, 1852, conveyed all his right, title and interest in said premises to one Owen Dunigan, and afterwards, and on or about the 24th day of April, 1856, the said Owen Dunigan and Mary Ann his wife conveyed all their right, title and interest to the plaintiff in this suit, in the corner lot and buildings— said corner lot being in front and rear twenty-five feet, and in depth, on Thirty-fifth street, seventy-seven feet and four inches. That in an action in the superior court, in which Mary Ann Graham was the plaintiff, and James Linden was the defendant, the judgment roll in which was filed on or about the 26th day of December, 1851, the defendant's dower in said property was set off to her, and was and is the whole of the said corner lot and buildings, except one room on the second story back part, and one attic bedroom, and the said defendant now owns her life estate in said corner lot and

buildings, and receives the rents thereof, except said two rooms aforesaid. The plaintiff further alleged that the taxes on said corner lot for the year 1856, amounting to $76.60, were due and unpaid, also the taxes for the year 1857, amounting to $85.60, were due and unpaid, and the taxes for the year 1858, amounting to $81.51, were due and unpaid, also an assessment for flagging the side-walk on said corner lot, was due and unpaid. The plaintiff alleged that the defendant, by reason of her life estate in said corner lot, was liable to pay and discharge said taxes and assessments during the time the said corner house and lot was in the possession of the defendant, and she was receiving the rents thereof, and that the defendant had paid no portion of said taxes or assessments, although requested so to do. That said taxes and assessments are a lien on the premises hereinbefore mentioned, owned in fee by the plaintiff, subject to the life estate of the defendant; and if the defendant was not compelled by the judgment of this court to pay and discharge said taxes and assessments, the property of the plaintiff would be liable to be sold to pay said taxes and assessments, and thereby the plaintiff deprived of his reversion after the life estate of the defendant had ceased, to the great injury of the rights, interest and estate of the plaintiff in the reversion of said premises, and also of his right and title in and to said two rooms now in the possession of the plaintiff. That the said taxes could not be apportioned and adjusted by the statutes, or without the equitable aid of this court. The plaintiff therefore prayed the aid of this court in the premises, that the defendant might be adjudged to pay and discharge said taxes and assessments, or so much as by right she ought to pay, or that the defendant might be compelled to consent to be paid by the plaintiff a sum in gross, equal to the dower right of the defendant in the whole of said premises at the time of the death of her said husband, and on such payment being made, to release her dower right in said premises; and that a receiver might be appointed to receive the

rents of said corner house, and out of the said rents to pay and discharge the taxes and assessments aforesaid, and all taxes that might be laid, assessed and imposed thereon, and that the plaintiff might have such other relief as the court might grant, &c. with costs.

The defendant, by her answer, denied the allegations in the complaint contained, except that she admitted her title and occupancy, as tenant in dower, of that part of the premises mentioned in the complaint as so occupied by her; and she prayed the same benefit of her answer as if she had demurred to the complaint.

The issue came on to be tried at a special term, before one of the justices of this court, on the eighth day of April, 1859. The counsel for the plaintiff proceeded to open the case for the plaintiff, and read the complaint, when his honor the judge said the action could not be sustained, upon the facts and allegations stated in the complaint, and the complaint did not state a sufficient cause of action; to which the counsel for the plaintiff excepted. The judge then ordered the complaint to be dismissed, with costs to be paid to the defendant; to which decision and ruling the counsel for the plaintiff excepted, and filed the following exceptions, taken by him to the decision and judgment.

*1st exception.* For that the court erred in ruling and deciding that the taxes only affected the possession, and were not a lien on the land, and could not affect the plaintiff's reversionary interest. *2d exception.* For that the said judge erred in dismissing the complaint with costs, and refusing to hear proofs in this case.

The plaintiff appealed from the judgment.

*H. Brewster*, for the appellant.

*John Townshend*, for the respondent.

BY THE COURT.   This action could be maintained under the act of 1855, to provide for the due apportionment of taxes and assessments, and for the sale of real estate to pay the same, (*Laws of* 1855, *ch.* 327;) or it might have been maintained in equity, under the old system of practice.

The complaint shows a state of facts entitling the plaintiff to the relief demanded, so far as relates to the apportionment of the taxes, and that the defendant pay her proportion thereof.

The judgment must be reversed, and a new trial ordered; costs to abide the event.

[NEW YORK GENERAL TERM, May 6, 1861.   *Clerke, Ingraham* and *Sutherland,* Justices.]