## JANE REA v. JOHN REA ET AL.

[See 53 Mich. 40.]

| 63 | 257 |
| 110 | 555 |
| 63 | 257 |
| 113 | 621 |
| 63 | 257 |
| s29NW | 703 |
| 132 | ¹204 |

*Divorce—Dower of wife—Ejectment before assignment—Damages.*

1. "Extreme cruelty" is such misconduct as is contemplated by How. Stat. § 6246, and entitles a wife to dower in the lands of her husband on securing a divorce from him on that ground. (See note p. 261.)

2. The $1,000 alimony awarded plaintiff in the case of *Rea v. Rea*, 53 Mich. 40, was not intended to and did not interfere with her *dower* right in her husband's lands, but was independent thereof; and the mortgage given on said real estate by the husband to raise money, as claimed, to pay said alimony, cannot be deducted from the value of said premises before the assignment of such dower.

3. In an *ordinary* action of ejectment, the *possession* by the plaintiff of a portion of the premises in dispute is *fatal* to a recovery.

4. Under How. Stat. § 6246, the right of a *divorced* wife to dower must be governed, as far as practicable, by the same rules and proceedings as if the husband were *dead*.

5. Under the provisions of How. Stat. §§ 5744, 5755, 7789, which permit a widow—

   *a*—To occupy the land of her husband, with his children or other heirs, *or* receive one-third part of the rents, issues, and profits thereof, so long as the heirs or others interested do not object, *without* having her dower assigned;
   *b*—To remain in the dwelling-house of her husband one year after his death without being chargeable with rent therefor;
   *c*—To bring ejectment for her dower before its assignment, after the expiration of six months from the time her right accrues,—

   There can be no doubt of the *right* of the widow to take proceedings for such assignment in the probate court, or to bring her action of ejectment before assignment, and while she is yet occupying said dwelling-house, or enjoying *jointly* with the heirs the rents and profits of the estate, when in the *latter* case, upon demand, her right to dower or its assignment is refused.[1]

6. Such action of ejectment does not *necessarily* determine the right of possession in the sense *ordinarily* applicable to ejectment suits, but determines the widow's right to dower in the *whole*

[1]See *Burrall v. Bender*, 61 Mich. 608.

premises, without judgment of ouster in her favor, as in other cases; and *after* such *general* judgment the circuit court must proceed to admeasure and assign her dower, the same in all respects as in probate proceedings. How. Stat. §§ 5741–5743, 7845; *Galbraith v. Fleming,* 60 Mich. 408; *Yates v. Paddock,* 10 Wend. 529.

7. On recovery by a widow of a judgment in ejectment for her dower, she is entitled to recover, as *damages* for its withholding, one-third part of the annual value of the *mesne* profits of the lands, which in this case would date from the *final* decree of divorce in this Court (*Rea v. Rea,* 53 Mich. 40; How. Stat. §§ 5756, 5757, 7829); and when such rental value is determined by the proper proceedings for *that* purpose, the value of her *use* of the premises, or of the portion occupied, can be deducted from the amount of her recovery.

Error to Kalamazoo. (Mills, J.) Argued July 15, 1886. Decided October 21, 1886.

Ejectment by *divorced* woman for *unassigned* dower. Defendants bring error. Affirmed, as also the action of the commissioners in admeasuring such dower. The facts are stated in the opinion, and in *Rea v. Rea,* 53 Mich. 40.

*Dallas Boudeman,* for appellants:

[The statutory references in brief, being covered by opinion of MORSE, J., are omitted.—REPORTER.]

Alimony having been granted plaintiff, payable out of defendant's estate, and made a *lien* thereon (*Rea v Rea,* 53 Mich. 40), dower is barred: *Tatro v. Tatro,* 18 Neb. 395; *Stewart v. Stewart,* 43 Ga. 294.

The necessary result of a verdict in ejectment must determine that while the plaintiff is in possession she cannot recover in that form of action, and the case is not taken out of the ordinary rule because it involves a question of dower: *Bemis v. Conley,* 49 Mich. 392; *Hopkins v. M'Laren,* 4 Cowen, 667.

The jurisdiction in equity to settle similar dower rights has been recognized in this State: *Miller v. Stepper,* 32 Mich. 194; *Brown v. Bronson,* 35 Id. 419.

Plaintiff in ejectment cannot recover if already in possession, and ejectment for dower is governed by substantially

the same rules as other actions for the recovery of real estate: 3 Wait, Act. and Def. 76-7.

Plaintiff, occupying this realty as she does, is a tenant at will of defendant, and it is difficult to see how she can rec over judgment against him:  *Wilson v. Merrill,* 38 Mich. 707; *Pickens v. Wilson,* 21 Miss. 691.

Title can be acquired, defeated, or incumbered as well by estoppel by record as it can be by the act of the party; and this is such a case:  *Ellis v. Diddy,* 1 Ind. 561.

How. Stat. § 5743, provides that when the estate out of which dower is assigned consists of a mill, or other tenement which cannot be divided without damage to the whole, and in all cases where it cannot be divided by metes and bounds, dower may be assigned in the rents; and How. Stat. § 5741, provides that commissioners should set off the lands assigned as dower by metes and bounds. The setting off the upper stories of this building is not by "metes and bounds," but is a case falling within the statute cited.

*Howard & Roos,* for plaintiff:

The decree of divorce gives plaintiff the right of action in this form, and the decision of this Court secures her therein: How. Stat. § 6246; *Percival v. Percival,* 56 Mich. 297; *Rea v. Rea,* 53 Id. 40; *Smith v. Smith,* 13 Mass. 231.

The alienation of the land during the life-time of the husband, and its value at the time of such alienation, cannot be given in evidence on the trial of an action of ejectment to recover dower, but must be shown to the commissioners appointed to make admeasurement:  *Yates v. Paddock,* 10 Wend. 529.

"The action of ejectment tries only the right to dower; the extent or measure of it is settled by the commissioners."  Id.

A wife could only bar her homestead or dower interest by one of the modes pointed out by the statute:  *Ring v. Burt,* 17 Mich. 465.

It was the duty of the commissioners to assign dower to her by metes and bounds, if it it was possible so to do: 2 Scrib. Dower, 73, 74.

Dower has been repeatedly assigned in specific rooms in a dwelling-house, with easements in certain other parts of the house:  *Stewart v. Smith,* 39 Barb. 167; *White v. Story,* 2 Hill, 543; *Symmes v. Drew,* 21 Pick. 278; *Miles v. Douglas,* 34 Conn. 393; *Patch v. Keeler,* 27 Vt. 252; *Parks v. Hardey,* 4 Bradf. (N.Y.) 15; *Miller v. Miller,* 1 South. 321.

MORSE, J.    This is an action of ejectment brought by the plaintiff against John Rea, the owner, and the other defendants as his tenants, of the premises in controversy.

John Rea and Jane Rea were formerly husband and wife. They were divorced by a decree of this Court on the tenth day of October, 1884, on appeal from the circuit court for the county of Kalamazoo in chancery, upon a bill filed by the said Jane Rea, alleging extreme cruelty and neglect to support on the part of her husband, John Rea.

This suit is brought under the statute for her dower in the premises by reason of the statute which provides that a woman who obtains a divorce from her husband on the ground of his misconduct shall be allowed dower the same as though he were dead.    How. Stat. § 6246.

The property in question consists of a house and lot and a three-story brick block on Main street, in the city of Kalamazoo.    The basement and first floor of said block are used for business purposes, and the two upper stories are used and rented for living rooms.    At the time of the commencement of this suit, as at the time of the beginning of the divorce suit, the plaintiff occupied and had possession of one large front room and two small bed-rooms on the second floor of the block.    In these she has lived ever since the commencement of her divorce suit.    She has also had control of, and part of the time rented, one other room on the second floor. She also occupied or rented, part of the time, one room on the third floor.    Was in possession of all these rooms when the ejectment suit was planted.

In this action in the court below she recovered judgment for her dower in the lands aforesaid, and, proceeding further under the statute, commissioners were appointed, who, upon notice to the parties and hearing before them, found the value of the brick block to be $10,000.    They assessed the value of the house and lot at $4,500, from which they deducted a mortgage, executed by John and Jane Rea,

appraised by the commissioners at $2,386.10; making net value of house and lot $2,113.90, and the value of the whole property $12,113.90.

They assigned to plaintiff, as her dower in the whole premises, the two upper stories, being the second and third stories, of the brick block, with "the right of free ingress and egress thereto at all times, by the stairways and passageways, to the streets in front and the yard in rear, and the right and privilege of conveying the water (known as the Holly water) to said upper floors by a pipe to be connected with the pipes now in the lower part of said building;" the value of which property, so assigned and set off as her dower, was assessed by them at the sum of $4,030.

The defendants object to these proceedings for several reasons:

1. The plaintiff is not entitled to dower in this case under the law.

2. If entitled to dower under the statute, she cannot recover the same in the action of ejectment.

3. The court below erred in not directing that a mortgage for $1,000, executed by John Rea upon the brick block, but not signed by his wife, during the pendency of the divorce proceedings, and, as he claims, to raise money to pay alimony to his wife pending such suit, be deducted from the value of the premises before the assignment of dower.

4. That said court erred in confirming the report of the commissioners in admeasurement of dower.

In regard to the first objection the counsel for defendants intimates, but does not argue very strongly, his doubts whether cruelty or neglect to support are embraced within the term "misconduct" as used in the statute. We have no doubt but extreme cruelty, at least, is such misconduct as is contemplated and intended by the statute.[1] *Smith v. Smith,*

[1]How. Stat. § 6246.—"When the marriage shall be dissolved by the husband being sentenced to imprisonment for life, and when a divorce shall be decreed for the cause of adultery committed by the husband, or for the *misconduct* or habitual drunkenness of the husband, or on account of his being sentenced to imprisonment for a term of *three* years or more, the wife shall be entitled to her dower in his lands in the same manner as if he were dead; but she shall not be entitled to dower in any *other* case of divorce."

13 Mass. 231; *Perkins v. Perkins,* 12 Mich. 456; *Percival v. Percival,* 56 Id. 297.

He also insists that, under the decree of this Court granting alimony, the same was granted out of the real estate of the defendant John Rea, as the opinion in that case determined that he was possessed, at that time, of no personal property. *Rea v. Rea,* 53 Mich. 40.

But in the decree at that time a further allowance of $2,000 was made to Jane Rea,—

"To be received by her in lieu of dower, provided she shall be willing to accept the same, and signify such acceptance by the first day of January, 1885, and on such payment release such dower accordingly."

It is evident that the $1,000 alimony awarded in gross by this Court was not intended to and did not interfere with her dower right in her husband's lands, but was independent thereof. She refused to release her dower under the decree, and the $2,000 was not paid.

The question of the right to bring ejectment raises a serious inquiry under the circumstances of this case. It appears that she was in possession of a portion of the premises when she brought her action.

In an ordinary action of ejectment this fact would be fatal to her recovery. Her suit is brought to recover her dower in the whole of the premises, a part of which she is occupying.

It is claimed by defendants' counsel that her occupancy and possession of such portion of the premises has been adverse and hostile to the defendant Rea, and not with his consent or acquiescence.

He also insists that, if the judgment for dower is allowed to stand, she can next proceed to recover for rents and profits of such dower since the date of her divorce, and, although she has herself occupied and rented a portion of the premises, no defense of that kind can be made by the defendant Rea in an action for mesne profits, and that the result will necessarily

be that she will obtain judgment in such action for the rents and profits of one-third of the property. as the judgment in ejectment stands as conclusive evidence, not to be disputed, that defendant Rea was in possession, and plaintiff was not. Thus she will recover rents and profits out of Rea which he never received, but which she enjoyed. He suggests that the proper remedy is in equity, where all the equities between the parties can be easily adjusted and determined.

Under the statute the plaintiff's right to dower must be governed, as far as practicable, by the same rules and proceedings as if the husband were dead.

The widow of a deceased person can bring ejectment for her dower in this State before assignment of the same, and this she may do after the expiration of six months from the time her right accrues. How. Stat. §§ 7789, 7845; *Galbraith v. Fleming,* 60 Mich. 408.

Our statutes also provide that the widow may remain in the dwelling-house of her husband one year after his death without being chargeable with rent therefor (How. Stat. § 5755); and she may continue to occupy the land of her husband, with the children or other heirs of the deceased, or may receive one-third part of the rents, issues, and profits thereof, so long as the heirs or others interested do not object, without having the dower assigned. How. Stat. § 5744.

Under these provisions there can be no doubt of the right of the widow to take proceedings for the assignment of her dower in the probate court, or to bring her action of ejectment for the same before assignment, while she is yet occupying the dwelling-house of her husband, or enjoying jointly with the heirs the rents and profits of the estate, when in the latter case, upon demand, her right to dower or assignment of the same is refused.

If she can enjoy the use of the dwelling-house for one year after her husband's death, and take proceedings to enforce her dower right after six months from his decease, it follows,

as a necessary consequence, that she can take legal steps to recover her dower while she is in possession of a portion of the premises in which she claims such right. Indeed, it is a common practice, almost universal in the probate courts of this State, to assign the widow's dower while she is living upon the lands of her husband.

If she can bring the action of ejectment before assignment, it also necessarily follows that she can bring the same action while she is in possession of the mansion house.

Nor do I see any difficulties in the way of such action.

The action does not necessarily determine the right of possession in the sense as applied to the suit ordinarily and not in dower. It determines her right to dower in the *whole* premises, but she obtains no judgment of ouster, as in other cases. After the judgment that she recover dower in the premises, the circuit court must proceed to admeasure and assign the same in all respects as in probate proceedings. How. Stat. §§ 5741–5743, 7845; *Galbraith v. Fleming*, 60 Mich. 408.

"The action of ejectment tries only the *right* to dower; the *extent* or *measure* of it is settled by the commissioners." *Yates v. Paddock*, 10 Wend. 529.

When the judgment is obtained, the widow is entitled to recover damages for the withholding of her dower, which shall be one-third part of the annual value of the mesne profits of the lands, which in this case would date from the final decree of divorce in this Court. How. Stat. §§ 5756, 5757, 7829.

When such rental value is determined by the proper proceedings for such purpose, I see nothing in the way of deducting from the amount of her recovery the value of her use of the premises, or a portion of the same, during such period.

In this case it appears that Mrs. Rea was occupying certain rooms in the brick block before the divorce proceedings were instituted, and has occupied them ever since. It must be

considered that her occupancy was the same as if, as a widow, she occupied the mansion or dwelling-house of her husband.

The court did not err in holding that the $1,000 mortgage was not to be deducted from the plaintiff's right of dower. The mortgage was not signed by her, nor does the evidence show that all of it was used to pay alimony in the cause; and if the whole of it had been used for that purpose, it could make no difference.

She was not required by the court in the divorce suit to join with her husband in this mortgage, or any other, nor is there anything in the record to show that it was ever contemplated that her dower interest should be charged with the money paid to her by way of alimony.

It is argued that it would have been more proper, and better in accord with justice, under the circumstances of this case and the peculiar situation of the parties and the property, to have settled the right of dower in a court of equity. I have already answered the objection to the bringing of ejectment while the plaintiff was in possession of the premises. There appears in my mind no adequate objection to an adjustment at law of all the rights of the parties, and no difficulties in the way of protecting the defendant against paying to plaintiff rents and profits upon property not in his possession, but enjoyed by her.

It is contended, however, that the division of the property by the commissioners is a very unsuitable and imperfect one; that no provision was made for repairs or taxes; and that the occupancy of the upper stories of the block by Mrs. Rea, and the lower story and basement by the defendant, in view of the unpleasant tempers and relations of the parties, will certainly lead to constant trouble, and perhaps litigation, between them.

It is doubtful, however, if a proceeding in equity could remedy the matter, if such a proceeding could be entertained.

The commissioners could have assigned plaintiff's dower

out of the rents, issues, and profits of the lands, instead of dividing them; and the circuit court in chancery could have done no more, unless it might be to decree a sale of the premises and a division of the proceeds.

But neither the commissioners nor a court in equity can prevent future quarrels and controversies between these parties. Their conduct in that respect can only be regulated by their own wills. Courts can only determine and declare their rights as they bring their quarrels before them.

In this case the proceedings taken at law seem to me adequate, and I can find no error in the same, nor any injustice done to the defendant. If the work of the commissioners was not well done, it was certainly done within their discretionary powers; and, if it is liable to result in hurt to any one, it will most likely be to the damage of the plaintiff, rather than of the defendant.

The judgment of the court below, and the action of the commissioners in admeasuring and assigning dower, are approved and affirmed, with costs.

CHAMPLIN, J. I am also in favor of affirmance.

While the jurisdiction of the court of chancery may be invoked in aid of dower, there appears to me to be nothing in the facts or circumstances of this case which renders it necessary for the doweress to invoke its jurisdiction. There appears to be no outstanding term to be removed or satisfied, no partition necessary, as it would be in case of undivided interests, no fraudulent conveyances to be canceled, no antagonistic claims to the subject-matter which would involve multiplicity of suits. The doweress has her choice of forum, and when she chooses the law side of the court she should not be deprived of that choice unless some jurisdictional defect is apparent in the proceedings. In this case I discover no such jurisdictional defect. Besides, in this particular case, the remedy at law is more appropriate than a bill in

equity, for the reason that the plaintiff's right to be endowed is denied by the defendants, and is alleged as one of the errors relied upon in this Court.

Although courts of equity have assumed jurisdiction in cases of admeasurement of dower, it is a universal rule that, unless the right of the doweress is admitted by the answer, the court of equity will proceed no further until such right is tried by a jury at law;—

"No case," says Mr. Scribner, "having ever gone the length of holding that when the parties are before the court upon a bill for dower, and the title of the complainant to be endowed is denied by the answer, the court has any incidental jurisdiction to inquire into that question itself." 2 Scrib. Dower, *c.* 7, § 22.

This being so, it appears to me to be a hardship upon the plaintiff to turn her out of a court of law, and advise her that she has a remedy in equity, when that court must of necessity send her back again to a court of law to establish her right. I fear that between the two courts she would be liable to lose all remedy whatever.

The objection that the action of ejectment will not lie to recover dower where the widow or person entitled is in possession of a portion of the premises in which she seeks to be endowed is fully answered, I think, by my Brother MORSE. All the real estate in which the plaintiff claimed dower was described in the declaration; and while in some states it is held that the widow must be assigned dower in each separate parcel, yet in others it is held that she may have the assignment made from one parcel. I think the rule adopted in New Hampshire, Tennessee, and some other states, that it may be assigned in one or more parcels as may be convenient, is the more reasonable rule, and should be adopted in this State. I know of no statute to prevent it.

The commissioners found the net value of the house and lot to be $2,113.90, and the value of the whole real estate $12,113.90. It appears, therefore, that the value of the

house and lot, less the incumbrance upon it, was less than the one-third to which the plaintiff was entitled, and would have been insufficient had it been assigned to her to fill the measure of her dower.

Objection is also made to the action of the commissioners in assigning dower to the plaintiff in the two upper stories of the brick block, valued by them at $4,030. It is urged that these rooms will be useless without the right of ingress to and egress from such rooms to the street, and that an easement cannot be assigned as dower. I can see no force in this objection. The action of the commissioners is fully sustained by the following authorities: *Riddell v. Gwinnell*, 1 Adol. & El. (N. S.) 682, 697; S. C. 1 Gale & D. 180, 191; *White v. Story*, 2 Hill, 543; *Parks v. Hardey*, 4 Bradf. (N. Y.) 15; *In re Watkins*, 9 Johns. 245; *Patch v. Keeler*, 27 Vt. 252; *Symmes v. Drew*, 21 Pick. 278.

It is also urged that the admeasurement made by the commissioners presents insuperable difficulties with reference to taxes and repairs upon the premises, and that there is no way in which these can be apportioned.

The statute (How. Stat. § 5754) enacts that every woman endowed shall maintain the houses and tenements in good repair. It is also her duty to pay and discharge her just proportion of all taxes and public burdens laid upon the premises while her estate lasts. She would also be obliged to bear her just proportion of the expenses necessary to keep the roof which covers the common property in repair. The common owners are liable to contribution to each other for their just proportion of taxes and repairs for their common benefit, and this may be recovered in an action at law. *Graham v. Dunigan*, 2 Bosw. 516; *Linden v. Graham*, 34 Barb. 316; 2 Scrib. Dower, 732.

By the exercise of a reasonable degree of amity by the parties to this suit, no reason is perceived by me why the assignment made by the commissioners cannot be enjoyed by

the widow without trouble or dispute. But if the parties are determined upon litigation about every subject which would easily be adjusted between reasonable persons upon business principles, I know not how a court of equity can make an admeasurement which will prevent it.

CAMPBELL, C. J. (*dissenting*). I have no doubt that Mrs. Rea is entitled to dower, and that in a proper case ejectment will lie to recover it. But I do not think it can be done in the present proceedings, and I think, further, that there is fatal error in them.

The lands sued for are not described as connected, and are not in fact connected, but are two entirely distinct lots. The statute contemplates that a single parcel described may have distinct tenancies upon it, and allows those distinct subdivisions of one parcel to be recovered in one action. But I do not think a single count of a declaration can be made to cover two or more parcels which are remote from each other, and are not held by one joint occupation. Furthermore, it appears distinctly by this record that there are several defendants, no two of whom are in the occupancy of the same property. The court directed a general verdict against all, without any distinction as to their occupancy, and directed a commission of partition without making any such distinction. These commissioners have and can have no power to eke out the defects of the proceeding, and I do not see how it is possible in this action to reach any tangible or satisfactory result.

Moreover, the plaintiff is shown herself to be in actual occupancy of a part of the premises sued for. There is no exception that has been pointed out in the statute or by authority which will authorize ejectment by a party in actual possession. When it is allowed for dower, it must still be for such a right as is in hostile possession. The whole statute must be harmonized.

It has always been recognized that the proceeding at law to assign as well as recover dower could not apply to all

cases, and the equitable remedy was introduced for that very reason very long ago.     Our modern statutes have not by any means covered the old equitable procedure, which is as necessary now as ever, where difficulties exist.  It is not competent to give commissioners judicial power.   They are and always have been ministerial officers; and in every case where questions of right come up, and are to be considered, they must be disposed of by the court, and, whenever a difficulty arises beyond competent dealing at law, it must be disposed of in equity.

The statute relating to ejectment does not contemplate proceedings where an estate consists of a number of distinct estates.    It contains no provision for giving a widow her dower in any one or more out of several detached parcels. It is at least questionable how far this can be done effectually by the probate courts; but it cannot be made out under this statute without importing into it what would do violence to its general scope.    But this case presents some further difficulties.

I do not think it would be possible, in a case like that before us, to make an assignment of dower without the aid of equity.    The incumbrances cannot be shifted from one parcel to the whole estate, or considered except in proceedings going much beyond any legal remedies.   A subdivision such as that made by the commissioners could not last during the life of plaintiff, unless all the buildings remain intact in their present condition.    She is given no interest in the soil, and no share in the rents except as the rooms now stand. There is no provision under our tax laws for separately taxing such a holding, although a life-tenant must keep down the taxes.    Neither the court nor commissioners can regulate repairs, or determine who shall make them.    There are other practical difficulties which are not less serious.

In the absence of statute, no probate court or court of law can deal with dower except on common-law principles.

Under the probate laws, dower in a building or other estate which cannot be divided by metes and bounds can only be assigned in the rents. How. Stat. § 5743. There is no power to create easements or servitudes on the premises. The record shows that, without such easements as the commissioners have newly created by their award, it would be practically worthless; and while a court of equity could probably deal with these matters adequately, I conceive that no court should place parties occupying such relations as these parties occupy in a position to compel them to have further mutual relations of any kind. This would be reason enough for refusing to confirm this finding, even if within the power of the commissioners. But I think the whole proceeding is wrong, and not within the statute.

SHERWOOD, J., did not sit.