### LESTER v. SEILLIERE et al.

(Supreme Court, Appellate Division, First Department. April 2, 1900.)

1. ADJOINING LANDOWNERS—PUBLIC · WATER SUPPLY—CHARGES — APPORTIONMENT IN EQUITY.

A complaint alleging that the parties were adjoining landowners, and were lessors to a common lessee, to whom the city had furnished water with the knowledge and consent of the parties, and that the charge therefor constituted a charge on the land, for the apportionment of which there was no provision at law, and praying that the same be apportioned, authorizes relief in equity, though plaintiffs have not paid the charge before suit.

2. SAME—PLEADING—RELIEF.

Where the plaintiff alleged that the parties were adjoining landowners, and that charges for water had accrued against the lands while they were held by a common lessee, and asked that the charge be apportioned, a receiver appointed, and the lands sold, plaintiff having stated a cause of action, the complaint was not demurrable because he had not sought the proper relief.

3. SAME—PARTIES—LESSOR'S LIABILITY.

Where the parties were adjoining landowners, and had leased the lands for hotel grounds, the receiver of the hotel was not a necessary party to plaintiff's action seeking an apportionment of the charges for water furnished the lessee with the knowledge and consent of the parties; since there was no liability on the part of the lessee.

4. SAME—MUNICIPAL CORPORATIONS.

The city was not a necessary party to plaintiff's action to apportion the charge, since no claim was made against the city, and its lien could not be affected by any decree that might be entered.

Van Brunt, P. J., and Patterson, J., dissenting.

Appeal from special term, New York county.

Action by Willard Lester, trustee, under the will of one Hull, deceased, against Emma R. Seilliere, impleaded with Jane E. Pomeroy and others. From a judgment overruling a demurrer to the complaint, defendant Emma R. Seilliere appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Stephen O. Lockwood, for appellant.

Charles C. Lester, for respondent.

McLAUGHLIN, J. The complaint in this action alleges that the plaintiff, as trustee under the will of one Hull, holds, for the purpose of receiving the rents, issues, and profits, and applying the same to the use of persons specified, certain real estate situate on the corner of Fifth avenue and Twenty-Sixth street, in the city of New York, next to and immediately adjoining which are other pieces of real estate, owned by the defendants; that the real estate owned by the plaintiff and the defendants at the time mentioned in the complaint was used and occupied as a single parcel by the Hotel Brunswick Company and its receiver for hotel purposes; and that between September 14, 1895, and February 15, 1897, water was furnished to the hotel, with the knowledge and consent of the different owners of the land, by the department of public works of the city of New York, to the amount, according to the meters on the premises, of 2,396,900 cubic feet, for which the lawful or legal charge was $2,396.90, which sum is a lien upon all of the land; and that "there is no provision of law for the apportionment, among the respective owners of the several parcels of land above mentioned, of the amount of said charges for said water, * * * nor is there any officer or department charged with the duty of making such apportionment." The judgment demanded is that the amount of such charge "be apportioned among the several owners of the several lots of land, and that the amount justly chargeable upon each of said lots or parcels of land be adjudged to be a lien thereon," and that each be adjudged to be sold to satisfy said lien, etc. The defendant Seilliere demurred to the complaint, upon the grounds: (1) That it did not state facts sufficient to constitute a cause of action; and (2) that the receiver of the Hotel Brunswick and the mayor, aldermen, and commonalty of the city of New York were necessary parties defendant. The demurrer was overruled, and from the judgment thereafter entered this appeal is taken.

We are of the opinion that the demurrer was properly overruled. The jurisdiction of a court of equity to entertain an action to apportion the amount of a charge upon real estate between different owners is well settled. Such actions have heretofore been entertained by our courts for the apportionment of water rates. Graham v. Dunigan, 2 Bosw. 516; Linden v. Graham, 34 Barb. 316. It is, however, suggested by counsel for the appellant that a court of equity will not exercise the power which it possesses in this respect until the whole charge has been satisfied by an actual payment by the plaintiff, or his land has been taken in satisfaction of the charge; but we have been unable to find any authority to support this contention, and are unable to discover any principle to sustain it. All of the authorities seem to agree that the jurisdic-

tion will be exercised where incumbrances are required to be paid, as well as where they have actually been paid, by some of the parties in interest. Thus, in Willard, Eq. Jur. (Potter's Ed.) p. 133, it is said:

> "An important and beneficial exercise of equity power is found in cases of apportionment and contribution, when incumbrances, taxes, fines, and other charges on real estate are required to be paid off, or are actually paid off, by some of the parties in interest. In most cases of this sort there is no remedy at law from the extreme uncertainty of ascertaining the relative proportions which different persons having interests of different nature, quality, and duration in the subject-matter ought to pay. And, even when there is a direct remedy at law, it is inconvenient and imperfect, because it involves a multiplicity of suits, and opens the whole matter anew for contestation in every successive litigation."

Substantially the same statement is made in Story, Eq. Jur. § 483.

In Graham v. Dunigan, supra, it is true that payment of the charge had there actually been made by the plaintiff before the action was commenced; but neither in that case nor in Linden v. Graham, supra, was the decision based upon that ground. No good or valid reason can be suggested for making the actual payment of the charge prior to the commencement of the action a condition precedent to its maintenance. Indeed, it is not difficult to see that such a rule might work great injustice in some cases,—for instance, where the owner of a very small portion of the land might be compelled to make a very large payment. The exercise of equitable jurisdiction does not depend upon actual payment. It is sufficient that there is a charge which attaches to all the land, and in which all the parties are interested, proportionate to their respective holdings; and, when this appears, then any of the parties interested may maintain an action for a fair, just, and equitable apportionment among them. The plaintiff, by alleging the facts set out in the complaint, has brought himself within this rule. He alleges that there is a charge upon several parcels of land, which belong to different owners; that this charge is unapportioned among them; that it cannot be apportioned in an action at law; and that there is no statutory authority by which that result can be reached by the municipal authorities. The amount which each of the owners ought to pay being undetermined, and there being no authority at law for the apportionment of the same, a court of equity will settle and determine that fact among the respective owners, when a suit is brought for that purpose by any one of the parties interested. It may well be that all of the relief which the plaintiff asks will not be granted. The sale of all of the property to pay two years' water rates may be unnecessary, and it may not be necessary to appoint a receiver; but, conceding both of those facts, it nevertheless appears from the facts alleged in the complaint that a proper case has been made out for apportionment of the charge for the water consumed upon the premises, and that alone prevents the complaint being dismissed upon the ground that it does not state facts sufficient to constitute a cause of action. A complaint is not demurrable if the facts stated show that the plaintiff

is entitled to any relief, either legal or equitable, upon the ground that the party has not demanded the precise relief to which he appears to be entitled. Wetmore v. Porter, 92 N. Y. 76.

We are also of the opinion that the receiver of the hotel is not a necessary party. It is true that the complaint alleged that the water was furnished to the occupants and proprietor of the hotel, and that bills were rendered to them; but it is also true that it is alleged that the same were furnished with the knowledge and consent of the owners of the land, and, if there was no such allegation in the complaint, it does not necessarily follow that the lessee or the tenants would be liable for the water furnished. On the contrary, it has been decided that the occupants of real property in the city of New York are not personally liable to pay for water taken through meters upon the premises, in the absence of an express covenant to that effect in the lease. Moffat v. Henderson, 50 N. Y. Super. Ct. 211; Henderson v. Arbuckle, 54 N. Y. Super. Ct. 141. Here there is no allegation in the complaint to the effect that the lessee or occupants agreed to pay or were liable for the water furnished. No allegations are made from which that fact can fairly be inferred, and therefore it must be presumed that no such liability exists. There is, therefore, no reason for joining the receiver as a party defendant.

Nor is the city a necessary party. No claim is made against the city by the plaintiff, and, if it were a party, it is clear that its rights could not be impaired by any determination that might be made in the action. It has a lien upon all of the lots for the entire charge, and any decree that might be made, or judgment rendered, in the action, could not add to or take from its right to enforce the charge against all or any part of the land. The action is brought, as already indicated, to settle and determine, among the respective owners, the proportionate amount of the charge which each should pay. The presence of the city as a party is not necessary for a complete determination of that question. A plaintiff cannot be compelled to bring in another party defendant, unless, as provided in section 452 of the Code of Civil Procedure, "a complete determination of the controversy cannot be had without the presence of other parties." It has been held that "a complete determination of the controversy" means where there are persons not parties whose rights must be ascertained and settled before the rights of the parties to the suit can be determined. Chapman v. Forbes, 123 N. Y. 538, 26 N. E. 3. Here the plaintiff and the defendants are the owners of different lots of land, all of which are liable to pay to the city a certain specified charge. Action is brought to apportion that charge among the different owners, and they are the only persons who have any interest in the subject-matter of the litigation. The case is analogous to an action for the partition of the equity of redemption of land covered by a mortgage, in which case the mortgagee is not a necessary party.

It follows that the demurrer was properly overruled, and the judgment appealed from must be affirmed, with costs, with leave to the demurring defendant to withdraw the demurrer and interpose an

answer within 20 days, upon payment of costs in this court and in the court below.

**BARRETT** and **RUMSEY, JJ., concur.**

**VAN BRUNT, P. J.** I dissent. I cannot see how this action can be maintained. The prevailing opinion fails to give us any hint as to what particular judgment can be entered in this action, or how any one portion of the land upon which this water tax is a lien is to be relieved from the tax without the payment of the whole of the tax, or how payment is to be enforced in this action against any of the co-owners. It seems to me clear that the only remedy for the plaintiff is to pay the tax, and recover from the other owners their proportionate shares, if he wants to relieve his property from the lien of the tax.

**PATTERSON, J., concurs.**