MOROSS v. MOROSS.

1. HUSBAND AND WIFE—DIVORCE—DOWER.
   A wife who has obtained a divorce from her husband on the ground of extreme cruelty is entitled to dower in his lands in the same manner as if he were dead.

2. SAME—DECREE—EJECTMENT—STATUTE OF LIMITATIONS.
   A divorced wife's right to dower in her husband's lands is not based upon the decree, but upon the statute (3 Comp. Laws, § 8639), and therefore her right of action to recover possession is not barred in 10 years, the time limited for bringing actions upon judgments and decrees, but only by the 15 years allowed by the statute (3 Comp. Laws, § 9714, subd. 3) for the recovery of the possession of lands.

Error to Wayne; Carpenter, J. Submitted January 7, 1903. (Docket No. 13.) Decided January 27, 1903.

Ejectment by Louise Moross against Victor J. Moross and another. From a judgment for plaintiff on verdict directed by the court, defendant Moross brings error. Affirmed.

Plaintiff obtained a decree of divorce from her husband, the defendant, for extreme cruelty, on July 29, 1889. On January 16, 1901, she instituted this suit in ejectment to recover her dower interest in her husband's lands. The defense is that her right of action is barred by the statute of limitations. The court below found against this contention, and directed a verdict for the plaintiff.

*William B. Jackson* (*Cutcheon, Stellwagen & Mac-Kay*, of counsel), for appellant.

*William E. Walsh* (*George Gartner*, of counsel), for appellee.

GRANT, J. (*after stating the facts*).   If the action is based upon the decree, the defendant's contention should prevail, because every such action must be brought within 10 years after the entry of the decree.   3 Comp. Laws, § 9751.   If it is not based upon the decree, then the plaintiff must prevail, because this is a real action, and the statute gives her 15 years within which to bring it after the right has accrued.   3 Comp. Laws, § 9714, subd. 3.   The decree is entirely silent as to the property rights of the plaintiff. No alimony, even, was decreed her.   She was granted a decree, with the custody of her minor child.

A wife's inchoate right of dower becomes fixed and recoverable by suit on the happening of two events,— death (3 Comp. Laws, § 8918), and divorce for certain causes (3 Comp. Laws, § 8639).   Extreme cruelty is one of the causes covered by the statute.   *Rea* v. *Rea*, 63 Mich. 257 (29 N. W. 703).   The statute gives her "dower in his lands in the same manner as if he were dead."   As to her property rights, he became legally dead when the divorce was granted.   In establishing this right, the law makes no distinction between actual death and legal death. Her right is not based upon the decree, and her suit is not brought upon it.   The decree is the evidence only that the event had happened by which her right of action to recover that which the statute gives her had accrued. The statute, not the decree, gave her dower in her husband's lands.   The decree, under the statute, simply fixed the time when her right of action accrued.   Whether the death be actual or legal, the statute of limitations in regard to real actions controls, and it follows that the judgment must be affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.   CARPENTER, J., did not sit.