(62 Misc. Rep. 122.)

### NEW YORK UNIVERSITY v. AMERICAN BOOK CO.

(Supreme Court, Special Term, New York County. January, 1909.)

LANDLORD AND TENANT (§ 149*) — LIABILITY OF TENANT — PAYMENT OF WATER
RENTS.

In the absence of an agreement by the landlord to pay the water rents,
the tenant must pay the same.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 535;
Dec. Dig. § 149.*]

Action by the New York University against the American Book
Company. Demurrer to complaint overruled.

Opdyke, Ladd & Bristow, for plaintiff.

Griggs, Baldwin & Pierce, for defendant.

GREENBAUM, J. It appears from the complaint that the defendant's predecessor, a New Jersey corporation, whose obligations
were assumed by the defendant, leased from the plaintiff for manufacturing purposes the greater portion of a large modern building
specially erected in part to meet the requirements of the defendant's
business. The lease, which is for a term of 25 years, with an annual
reserved rent of $40,000, is silent on the subject of water rates. The
complaint alleges that the New Jersey corporation during its occupancy of said building as lessee used and consumed in its manufacturing business large quantities of water furnished by the city of New
York, passing through and measured by certain meters installed in
said building, but made no payment for the amount of water consumed by it as measured by the said meters. It is further alleged
that upon the failure of the lessee to pay these water rates plaintiff,
to save its property from sale by reason of the fact that water rates
are made a lien upon the land, was compelled to pay the water rates,
amounting to upwards of $9,000. This action is brought to recover
the money paid as aforesaid. The defendant demurs to the complaint
upon the ground that it fails to state facts sufficient to constitute a
cause of action.

The defendant relies upon a series of decisions, commencing with
Moffat v. Henderson, 50 N. Y. Super. Ct. 211, and followed by Henderson v. Arbuckle, 54 Super. Ct. 141, Darcey v. Steger, 23 Misc.
Rep. 145, 50 N. Y. Supp. 638, and Lester v. Seilliere, 50 App. Div.
239, 242, 63 N. Y. Supp. 748, which recognized the contention that,
in the absence of a covenant in a lease to pay water rates, the lessee
is not liable therefor. An examination of these cases shows that they
all evidently relied upon the correctness of the reasoning of the opinion in the Moffat Case, supra, that the statutory lien on the premises
for the amount of water supplied rests upon the taxing power of the
state, and that in the absence of an agreement or contract to pay
them the lessee is no more bound to pay the water rates which become a lien on the property than he would be obliged to pay a tax
or assessment imposed thereon. The Moffat Case was decided by
the Superior Court, General Term, in 1884. In 1890 McAdam, J.,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sitting at Trial Term in the same court, wrote an elaborate opinion showing that water rates were not a tax or assessment, but merely a charge for water furnished. Hennessey v. Volkening (Super. Ct.) 22 N. Y. Supp. 528. In 1897 the Court of Appeals in Silkman v. Water Commissioners, 152 N. Y. 327, 46 N. E. 612, 37 L. R. A. 827, expressly held that water rates were not taxes. Lester v. Seilliere, supra, although subsequent to the Silkman Case, apparently assumed the soundness of the reasoning of the Moffat Case; the court's attention evidently not having been directed to the point that water rates were not taxes and to the fact that the decision in the Moffat Case was based upon the erroneous assumption to the contrary. The water rates in suit were based upon the amount of water used, as measured by the meters, and in the absence of an agreement of the landlord to pay for all water used or consumed by the tenant it seems to me reasonable and just that the tenant should pay for what he uses. He is not obliged to use water. If he uses none he need pay no water rent.

The demurrer is overruled, with costs, and with leave to defendant to answer upon payment of costs.