MINA L. HOLMES *vs.* FRANK D. HOLMES.

Submitted on briefs May 15, 1893. Affirmed July 31, 1893.

**The Word "Dower," as Used in the Statute Regarding Divorce, Construed.**

> The estate given to a surviving wife by the existing statutes in the lands of a deceased husband, inchoate upon the marriage and seisin of the husband, and absolute at his death, unless divested by her consent, as provided by law, must be deemed a provision in the nature of dower, and in lieu of the previous statutory provision denominated "dower."

**Same—Includes Provisions in Lieu of Dower.**

> Under 1878 G. S. ch. 62, § 24, allowing dower to a wife divorced on the ground of the adultery of her husband as if he were dead, the term "dower" must be held to extend to and include the present statutory provisions for the wife in lieu of dower in the lands of a deceased husband.

**It is not Assigned in a Suit for Divorce.**

> But such dower interest cannot be assigned and set off in the divorce suit.

Appeal by plaintiff, Mina L. Holmes, from a judgment of the District Court of Steele County, *Thomas S. Buckham,* J., entered February 13, 1893, granting her a divorce, but refusing to assign dower to her in the same action.

*Geo. N. Baxter,* for appellant.

1878 G. S. ch. 62, § 24, provides that when a divorce is ordered for the cause of adultery committed by the husband, the wife shall be entitled to her dower in his lands, in the same manner as if he were dead. The word *dower* in this section must be considered to mean a life estate in the homestead of the husband and an estate in fee in one-third of his other lands; for this is the interest which a widow now has in the lands of a deceased husband under the laws of this state. *Morrison* v. *Rice,* 35 Minn. 436; *Wait* v. *Wait,* 4 Barb. 192; *In re Rausch,* 35 Minn. 291.

Where the husband's estate consists of a homestead only, dower under our statute is identical with dower at the common law, and where the estate is not a homestead, our law differs from the common law only by giving an estate in fee instead of for life. The

claim of the plaintiff to dower was clearly embraced in the controversy. It was distinctly set forth in the allegations of the complaint and in the prayer for relief. It was properly united with the claim for divorce, under 1878 G. S. ch. 66, § 118, subd. 1. Pomeroy, Rem. § 471.

The defendant may claim here, what was not asserted below, that plaintiff must resort to a separate action to have her dower assigned, or institute proceedings for partition. This contention may possibly be open to him on the record, although the court below proceeded upon an utter denial of plaintiff's right. *Smith* v. *Smith*, 13 Mass. 230, was decided in 1816. The language of the statute there under consideration differed materially from ours.

*Sawyer & Sawyer*, for respondent.

We are not warranted in assuming it to have been the intention of the Legislature, in enacting 1878 G. S. ch. 62, § 24, to require such divorced wife to be allowed whatever estate in her husband's real property any subsequent statute might give a widow. Had that been the intent, it is far from unreasonable to infer that it would have been so stated. An innovation upon the common law is not thus recklessly to be extended by construction. Under our present statutes of distribution, in certain cases the widow receives in fee simple the entire realty of her deceased husband. Does she desire a decision here directing that she be awarded the entire real property of her husband in case he dies childless.

To a large extent, if not wholly, under our present statutes of descent and distribution, the rights or interests of the surviving husband or widow are assimilated to, and have become identical with, that of an heir, taking as an heir, rather than a dowress or claimant to curtesy. *Randall* v. *Kreiger*, 23 Wall. 137; *Guerin* v. *Moore*, 25 Minn. 462.

If plaintiff is entitled to any interest in the lands of defendant, it must be obtained by another and different action. It is submitted that *Smith* v. *Smith*, 13 Mass. 230, is in point, and that the court was not authorized to award dower.

VANDERBURGH, J. The plaintiff's cause of action is for a divorce on the ground of the adultery of the defendant. In her com-

plaint she demands that she be adjudged to have her dower in defendant's lands as if he were dead, and under this relief she claims to be entitled to hold the homestead of defendant for life, and an equal undivided third of all other lands of which he was during coverture seised, and to be allowed alimony. The court adjudged the plaintiff entitled to a divorce on the ground stated, and awarded alimony, but refused dower, or the provision in lieu of dower, provided for by the present statute.

There is no doubt that 1878 G. S. ch. 62, § 24, secures to the wife, in the cases specified, an unqualified right to dower in the lands of her husband as if he were dead. By the statute in force when this section was enacted, the widow's right of dower, substantially as at common law, was preserved to her. 1851 R. S. ch. 49, § 1. By Laws 1875, ch. 40, estates in dower *eo nomine,* as then existing, were abolished, and, in lieu thereof, provision was made for a life estate in the homestead of the husband and an undivided one-third of all other lands of which he might die seised. By Laws 1876, ch. 37, and again in the Probate Code, enacted in 1889, the subject is revised, and, with some changes, the provisions of the act of 1875 are retained, and incorporated under the head of "Title to Real Property by Descent." Now, under section 24, in question, is the rule to be applied as the term "dower" was used and understood when that section was enacted, or is it to be given an enlarged and extended application, so as to embrace the present liberal provisions for the wife made out of his estate on the death of her husband? Estates in dower have been changed and enlarged in many of the states by legislative enactment, (*Noel* v. *Ewing,* 9 Ind. 46; *Smith's Appeal,* 23 Pa. St. 9; *Beard* v. *Knox,* 5 Cal. 252;) so that it has come to be understood generally as the provision in the nature of dower which the law makes for the wife from the estate of her deceased husband, and it is contingent only upon the seisin of the husband and his death, and beyond his power to divest. The present provisions for the wife, above specified, were clearly intended to be in lieu of dower, and retain its essential features. The interest thereby created is inchoate upon the marriage and seisin, and becomes absolute at his death, and is thus distinguishable from other provisions made for her as heir in certain contingencies. Her estate extends

to the homestead and one-third of other lands of which her husband is seised during coverture, and cannot be divested without her consent. Unless it be held that any material change in the law of dower as it stood when 1878 G. S. ch. 62, § 24, was enacted would operate as a repeal of that section, or make it inoperative, we are of the opinion that the term "dower" therein must be interpreted to extend to the present statutory provisions referred to. The estate under consideration, thus created for the benefit of the wife, has always since the act of 1875 been treated by this court as in the nature of dower, and governed by the same rules of legal construction. *In re Gotzian,* 34 Minn. 159, (24 N. W. Rep. 920;) *In re Rausch,* 35 Minn. 293, (28 N. W. Rep. 920;) *McGowan* v. *Baldwin,* 46 Minn. 479, (49 N. W. Rep. 251;) *Dayton* v. *Corser,* 51 Minn. 406, (53 N. W. Rep. 717.) When, therefore, a divorce is ordered for the cause of adultery committed by the husband, the wife will be entitled to dower, as provided by the present statutes on the subject, as if he were dead. The decree of divorce will establish her right to the estate, but we do not think the statute contemplates that it should be set off or assigned to her in the divorce proceedings. Nor would such decree be the basis of a writ of assistance to put her in possession, (2 Bish. Mar. & Div., Ed. 1891, §§ 1522, 1639;) but, if possession is denied her, she can recover it, and will be entitled to partition as in other cases. As she was not entitled to such relief in this action, the judgment must be affirmed.

(Opinion published 56 N. W. Rep. 46.)

