ANDREW E. JOHNSON v. MINNESOTA LOAN & TRUST COMPANY.

December 16, 1898.

Nos. 11,476—(161).

**Death of Wife—Descent of Realty—Liability for Debts—Goodwin v. Kumm Limited.**

> During the lifetime of a married woman her real estate was sold on execution under a judgment against her. There was no redemption from this sale. Subsequently the woman died, leaving her husband surviving her. Under the doctrine of Dayton v. Corser, 51 Minn. 406, one undivided third of this property descended, under the statute, to the surviving husband, unaffected by the execution sale on the judgment against his wife. *Held*, that this third descended to the husband, "subject in its just proportion, with the other real estate, to the payment of such debts [of the wife] as are not paid from the personal estate," as provided in G. S. 1894, § 4471. Goodwin v. Kumm, 43 Minn. 403, limited.

The petition of the executor of the estate of May I. Dayton, deceased, for license to sell all her real estate for the payment of her debts was granted by the probate court for Ramsey county, Willrich, J. The facts are stated in the opinion. Andrew E. Johnson, who had objected to the petition, appealed from the order of license to the district court for that county. The executor having died,

the Minnesota Loan & Trust Company was substituted as adminis-
trator with the will annexed, and the matter was heard by Otis, J.,
who affirmed the order of the probate court. From a judgment
entered pursuant to this order, Andrew E. Johnson appealed. Af-
firmed.

*Henry C. James*, for appellant.

In Reynolds v. Fleming, 43 Minn. 513, the court, construing what
is now G. S. 1894, § 5471, held that, upon the expiration of the
time for redemption, the purchaser on execution sale acquires all
the right, title, interest and claim which the debtor had, and that
the sheriff's deed carries with it all that the debtor's deed could.
See Conner v. Long, 63 Iowa, 295. The judgment in the case of
Dayton v. Corser, 51 Minn. 406, is conclusive upon the estate, and
cannot be attacked here. Allis v. Davidson, 23 Minn. 442; Thomp-
son v. Myrick, 24 Minn. 4; Adams v. Adams, 25 Minn. 72. The
cases of Dayton v. Corser, supra, and Goodwin v. Kumm, 43 Minn.
403, have been frequently cited and followed by this court. Wil-
liamson v. Selden, 53 Minn. 73; Holmes v. Holmes, 54 Minn. 352;
Ortman v. Chute, 57 Minn. 452; Luse v. Reed, 63 Minn. 5; Merrill
v. Security Trust Co., 71 Minn. 61. A purchaser at execution sale,
when there is no redemption, is entitled to have the property as it
existed at the time it was struck off to him. Whitney v. Hunting-
ton, 34 Minn. 458; Moritz v. City of St. Paul, 52 Minn. 409; Reynolds
v. Fleming, supra; Lindley v. Crombie, 31 Minn. 232.

*Hahn, Belden & Hawley*, for respondent.

The interest of the surviving spouse in the other's real estate is
no longer to be confused with dower and curtesy. Scott v. Wells,
55 Minn. 274; Merrill v. Security Trust Co., 71 Minn. 61. But this
interest is subject to the payment of the debts of the deceased
spouse. State v. Probate Court, 40 Minn. 296; Byrnes v. Sexton, 62
Minn. 135. The statute (G. S. 1894, § 5471) postpones the passing
of the title acquired at execution sale to the expiration of the time
for redemption. Parke v. Hush, 29 Minn. 434; Buchanan v. Reid,
43 Minn. 172; Lindley v. Crombie, 31 Minn. 232. Until that time
the owner still retains the legal title. Whiting v. Butler, 29 Mich.

122. The doctrine of relation is not applicable here. See 20 Am. & Eng. Enc. 727; Gibson v. Chouteau, 13 Wall. 92; Jackson v. Douglass, 5 Cow. 458.

MITCHELL, J.

May I. Dayton, a married woman, was the owner of certain real estate. On January 26, 1891, this property was sold on execution on a judgment rendered against her and in favor of Corser & Co., and bid in by the judgment creditors. There was no redemption from this sale. May I. Dayton died June 8, 1891, leaving her husband, Lyman C. Dayton, surviving. In September, 1891, her husband, as special administrator of her estate, and also in his own personal right, commenced an action against Corser & Co. to set aside the execution sale, and for general relief. This action resulted in a judgment holding the execution sale valid, but that the statutory interest of the surviving husband was not devested or affected by it, and therefore that Corser & Co., the purchasers at the sale, were the owners of an undivided two-thirds, and Lyman C. Dayton as surviving husband, of one undivided third, of the property. This judgment was affirmed by this court in Dayton v. Corser, 51 Minn. 406, 53 N. W. 717.

The same property was, in October, 1893, sold on execution under judgment rendered in April, 1893, in favor of one Engle against Lyman C. Dayton, and bid in by one Dodge, who afterwards (there being no redemption from the sale) conveyed to the appellant, Johnson. In February, 1896, the executor of May I. Dayton petitioned the probate court for license to sell the property to pay debts which had been proved against her estate. It is conceded that, if the estate of May I. Dayton had any interest in the property which was subject to the payment of debts, a sale was necessary; but Johnson objected to granting the petition on the ground that the estate had no such interest, and therefore a sale under an order of the probate court would merely cast a cloud on his title. The court granted the executor's petition, and thereupon Johnson appealed to the district court, which affirmed the order of the probate court, and from that judgment Johnson appealed to this court.

The Minnesota Loan & Trust Company is administrator with the

will annexed of the estate of May I. Dayton, having been appointed in place of the executor, who had died.

The only question in the case is whether, under these facts, this undivided third of the property, which, under the statute, as construed in Dayton v. Corser, supra, descended to Lyman C. Dayton as surviving husband, and was not devested or affected by the execution sale on the Corser judgment, is subject to the payment of its just proportion of the debts of the deceased wife which were proved as claims against her estate. G. S. 1894, § 4471. The only doubt or difficulty in the case grows out of the earlier decisions of this court in Goodwin v. Kumm, 43 Minn. 403, 45 N. W. 853, and Dayton v. Corser, supra, construing this section of the statute of descents. We are now satisfied that in what was said or decided in those cases we failed to appreciate fully the differences between the common-law estates by curtesy and of dower, and the statutory interest of a surviving spouse in the real estate of his or her deceased spouse, and especially the fact that the latter (other than in the homestead) was made subject with the other real estate to the payment of its just proportion of the debts of the deceased spouse.

In Goodwin v. Kumm, supra, all that was required to be decided was that, if it is sought to subject the interest of a surviving spouse in the real estate of the deceased spouse for the payment of the debts of the latter, it must be done in the administration proceedings in the probate court. This is the only point upon which the decision in that case should be relied on as authority. Whatever else is said in the opinion was dicta, or at least unnecessary to the decision of the case.

All that was decided in Dayton v. Corser, supra, was that the inchoate contingent statutory interest of a husband or wife in the real estate of his or her spouse is not devested or affected by a sale of the property on execution against such spouse. Thus far the decision must be adhered to as having become a rule of property, and must remain the law unless changed by statute. But the decision should not be extended one whit beyond the exact point decided, either by way of analogy or for the sake of logical consistency. Under the decision in that case one undivided third of this

property descended under the statute to the surviving husband wholly unaffected by the sale on the Corser judgment.

Why, under the same statute, did it not descend "subject, in its just proportion with the other real estate, to the payment of such debts of the deceased as are not paid from the personal estate"? It is urged that to so hold would be to take this one-third from the judgment creditor, who obtained a lien on the property during the life of the deceased, and give it to the general creditors who happened to be such at the time of her death; also that by statute a judgment is a lien on all the real estate of the debtor; also that so to hold would be to make the property twice subject to the payment of debts,—first on the execution sale, and again in the administration proceedings. But it seems to us that this is begging the question, and reasoning in a circle. The lien of the Corser judgment was, under the doctrine of Dayton v. Corser, subject to the husband's inchoate statutory interest in the property, and if Corser & Co. never had or acquired any interest in or right to this inchoate interest of the husband, it cannot be said that it has been taken away from them; and, if it was not sold or transferred by the execution sale, it has never been subjected to the payment of Mrs. Dayton's debts; and, if it is not now subjected to their payment in the administration proceedings, it follows that it descended to the surviving husband without being subjected at all to the payment of any part of the debts of his deceased wife. Of course, Dodge, the purchaser at the execution sale, and his grantee, Johnson, acquired the same rights, and no greater, in the property as those acquired by the surviving husband under the statute.

Counsel suggests that an affirmance of the judgment of the district court would result in serious practical evils by rendering titles to real estate uncertain. We see no special force in this suggestion. It would not render titles any more uncertain than in many other cases where title passes by devolution of law or through proceedings in the probate court.

The fact that there was no redemption of the other two-thirds of the property from the sale under the Corser judgment has no bearing on the case. Neither do we attach any importance to the fact that Mrs. Dayton died before the expiration of the year for redemp-

tion, and hence while the legal title of the whole property was still in her.

Judgment affirmed.