(57 App. Div. 611.)

## FAAS v. FAAS.

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

SUPPLEMENTAL COMPLAINT—DIVORCE.

> Plaintiff in a divorce suit cannot set up in a supplemental complaint acts of adultery occurring since the commencement of the action, though, because defendant has set up a counterclaim, he cannot discontinue the suit without application to the court for good cause shown.

Appeal from special term, New York county.

Action by Charles Faas against Caroline Faas. From an order· granting leave to serve a supplemental complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

A. H. Hummel, for appellant.
Michael Schaap, for respondent.

RUMSEY, J. The action was brought for divorce on the ground· of adultery. It was begun on the 21st day of May, 1900. An amended complaint was served on the 20th of July, 1900, and the· answer was served on the 28th of July, in which the defendant set up as a counterclaim adulteries alleged to have been committed by the plaintiff, and asked on her part for a divorce from him. On the 25th of August a reply was served denying the adulteries set up in the answer. This motion was made on the 23d of October, 1900, for leave to set up in a supplemental complaint adulteries said to· have been committed by the defendant in the months of September and October, 1900, and since the commencement of the action. These adulteries constitute a new cause of action not existing when this case was begun, and, if proved, would entitle the plaintiff to·· a divorce. The well-settled rule is that a party will not be permitted by a supplemental complaint to set up a cause of action not existing at the time the original suit was begun, but that such a·

complaint is permitted only to set up facts bearing upon the original cause of action which existed before the suit was begun, or facts occurring after the suit was commenced, but affecting the relief to which the plaintiff would be entitled under the original cause of action. Improvement Co. v. Vinal (Sup.) 1 N. Y. Supp. 200; Prouty v. Railroad Co., 85 N. Y. 272. The facts sought to be set up here are not allowable, for either of the reasons stated above. Since 1833 it has been the rule in this state, in actions of this kind, that a plaintiff would not be permitted to set up facts which have occurred since the filing of the original bill, and upon which a decree might be had without reference to the original bill. Milner v. Milner, 2 Edw. Ch. 114. That rule we think is well founded, and should not be overthrown. It is quite true that in this case, the defendant having set up a counterclaim, the plaintiff would not be permitted to discontinue his suit without application to the court for good cause shown; but that fact does not take away the necessity of observing the rule which is laid down in the case of Milner v. Milner. It may be that the plaintiff could prove the adulteries that took place after the commencement of this action as a defense to the counterclaim set up in the answer, but to do that it would not be necessary to plead these adulteries in a supplemental complaint; but they should be pleaded in a reply. While in this particular case it may be that no great harm would result if this order should be permitted to stand, yet the principle furnished by affirming it might work considerable inconvenience in other actions.

For this reason, the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.