### CAMPBELL v. CAMPBELL.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

DIVORCE—SUPPLEMENTAL COMPLAINT.

In a suit for absolute divorce, plaintiff cannot set up in a supplemental complaint acts of adultery alleged to have been committed by defendant after the joinder of issue upon the original complaint.

Appeal from special term, Kings county.

Suit for divorce by Helen T. Campbell against Robert E. Campbell. From an order denying plaintiff's application for leave to make, file, and serve a supplemental complaint, she appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

George E. Waldo, for appellant.
Philip Carpenter, for respondent.

WILLARD BARTLETT, J. This is an appeal from an order made at special term by Mr. Justice Dickey, denying a motion by the plaintiff for leave to serve a supplemental complaint. The action is for an absolute divorce, and the plaintiff desires, in the supplemental pleading, to allege acts of adultery which are said to have been committed by the defendant since the joinder of issue upon the original complaint. The court below denied the application upon the authority of Faas v. Faas, 57 App. Div. 611, 68 N. Y. Supp. 509. The motion there under consideration was a precisely similar application, and, in reversing an order which had granted the motion, the appellate division in the First department, speaking through Rumsey, J., said:

"Since 1833 it has been the rule in this state, in actions of this kind, that a plaintiff would not be permitted to set up facts which have occurred since the filing of the original bill, and upon which a decree might be had without reference to the original bill."

Milner v. Milner, 2 Edw. Ch. 114, is cited as authority for this statement, and supports it.

I think we should follow the rule thus approved and upheld in the First department, and affirm the order appealed from.

Order affirmed, with $10 costs and disbursements. All concur.