HELEN T. CAMPBELL, Appellant, *v.* ROBERT E. CAMPBELL, Respondent.

*Action for divorce — supplemental complaint, setting up acts of adultery since the joinder of issue.*

The plaintiff in an action for an absolute divorce will not be permitted to serve a supplemental complaint setting up acts of adultery alleged to have been committed by the defendant since the joinder of issue on the original complaint.

APPEAL by the plaintiff, Helen T. Campbell, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 24th day of October, 1901, as resettled by an order made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 28th day of October, 1901, denying the plaintiff's motion for leave to make, file and serve a supplemental complaint.

*George E. Waldo,* for the appellant.

*Philip Carpenter,* for the respondent.

WILLARD BARTLETT, J.:

This is an appeal from an order made at Special Term by Mr. Justice DICKEY, denying a motion by the plaintiff for leave to serve a supplemental complaint. The action is for an absolute divorce, and the plaintiff desires in the supplemental pleading to allege acts of adultery which are said to have been committed by the defendant since the joinder of issue upon the original complaint.

The court below denied the application upon the authority of *Faas* v. *Faas* (57 App. Div. 611). The motion there under consideration was a precisely similar application, and in reversing an order which had granted the motion, the Appellate Division in the first department, speaking through RUMSEY, J., said: " Since 1833 it has been the rule in this State in actions of this kind that a plaintiff would not be permitted to set up facts which have occurred since the filing of the original bill and upon which a decree might be had without reference to the original bill." *Milner* v. *Milner* (2 Edw. Ch. 114) is cited as authority for this statement, and supports it.

I think we should follow the rule thus approved and upheld in the first department and affirm the order appealed from.

All concurred.

Order affirmed, with ten dollars costs and disbursements.