(99 App. Div. 283)                    SMITH v. SMITH.

(Supreme Court, Appellate Division, First Department.   December 9, 1904.)

1. SEPARATION—SUPPLEMENTAL COMPLAINT—STATUTES.

In an action for separation under Code Civ. Proc. § 1762, on the grounds of cruel and inhuman treatment, and of conduct rendering it unsafe for the plaintiff to cohabit with the defendant, plaintiff is entitled to file a supplemental complaint setting up specific acts of cruel and inhuman treatment since the commencement of the action, in view of section 1764, requiring the complaint to specify particularly the nature and circumstances of the defendant's misconduct, and to set forth the time and place of each act complained of, with reasonable certainty, and section 544, providing that on the application of either party the court may, and in a proper case must, on such terms as are just, permit the filing of a supplemental complaint alleging material facts occurring after his former pleading.

Appeal from Special Term, New York County.

Action by Florence T. Smith against Arthur L. J. Smith. From an order denying leave to file a supplemental complaint, plaintiff appeals. Reversed.

See 87 N. Y. Supp. 137.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Herbert T. Ketcham, for appellant.
Lewis L. Delafield, for respondent.

LAUGHLIN, J.   This is an action for separation on the grounds of cruel and inhuman treatment, and of conduct toward her which renders it unsafe and improper for her to cohabit with him.   After the service of an amended complaint the defendant answered, setting up a counterclaim for separation on the grounds of abandonment and cruel and inhuman treatment.   The plaintiff, therefore, moved to discontinue the action, with a view to commencing a new action setting up acts of cruel and inhuman treatment on the part of the defendant toward the plaintiff since the commencement of the action.   The motion was opposed, and it was denied, presumably on account of the counterclaim.   The plaintiff then replied to the counterclaim.   The material allegations of the complaint and of the counterclaim were put in issue by the respective pleadings.   The plaintiff, upon serving the reply, noticed the motion for leave to serve an amended and supplemental complaint, and annexed to her moving papers the proposed amended and supplemental complaint.   The proposed amendment to the complaint related merely to the age of a child, the issue of the marriage, and, that being immaterial, the plaintiff does not appeal from so much of the order as denied the motion to amend.   The new matter set up in the supplemental complaint which occurred after the commencement of the action consists of five specific acts, occurring on the 25th and 31st days of December, 1903, and on the 8th, 9th, and 10th days of January, 1904, the particulars of which are alleged.

The respondent seeks to sustain the order upon the ground that these acts constitute a new cause of action, and contends that the cases

of Milner v. Milner, 2 Edw. Ch. 114, Faas v. Faas, 57 App. Div. 611, 68 N. Y. Supp. 509, and Campbell v. Campbell, 69 App. Div. 435, 74 N. Y. Supp. 979, holding that an act of adultery committed after the commencement of an action for divorce constitutes a new cause of action which the plaintiff should not be permitted to set up by a supplemental complaint, are controlling. Doubtlesss that is the theory upon which the motion was denied. We are of opinion that those authorities are not decisive of the question now presented. There is a clear distinction in this regard between an action for divorce and an action for separation. A single act of adultery committed by the defendant without the consent, connivance, privity, or procurement of the plaintiff requires the granting the decree, provided the action is timely brought. In an action for separation, however, the complaint must specify particularly the nature and circumstances of the defendant's misconduct, and must set forth the time and place of each act complained of with reasonable certainty. Section 1764, Code Civ. Proc. In addition to specific acts the plaintiff may allege a general course of conduct (Earle v. Earle, 79 App. Div. 631, 79 N. Y. Supp. 613), and the determination of the court will be based on the entire evidence (Whispell v. Whispell, 4 Barb. 217, 219). Neither the proof of a single act nor of a series of acts entitled the plaintiff as a matter of right to the decree, unless the act or series of acts constitute "cruel and inhuman treatment of the plaintiff by the defendant," or such conduct on his part toward her as renders it "unsafe and improper" for her to cohabit with him (section 1762, Code Civ. Proc.), within the meaning of those terms as defined by judicial authority. The court might weigh the proof of the acts and conduct of the defendant toward the plaintiff made under the allegations of the original complaint and reach the conclusion that they fell just short of warranting the decree, and if a new action should be brought based upon the subsequent acts which the plaintiff now wishes to incorporate in her complaint in this action the court might reach the same conclusion upon the proof made concerning them, but if all the proof could be taken and weighed together it might fairly establish the plaintiff's right to a decree. It may be that, even if this order should stand, the plaintiff would be permitted to serve a supplemental reply, and have the benefit of the acts that occurred subsequent to the commencement of the action as a defense to the counterclaim (Faas v. Faas, supra); but, since the plaintiff would in that event be entitled to no affirmative relief based upon such acts, she, in that event, would not obtain complete justice. Moreover, it would unnecessarily require the examination by the court of the same facts in two actions: First, in this action in weighing this evidence as a defense to the counterclaim; and, second, in the new action for a separation based thereon. It appears to me, therefore, that the ends of justice require that the motion be granted if there be authority therefor. As already observed, the right to a decree in an action for separation upon this ground is not ordinarily determined upon a few acts occurring within a brief period, but upon a series of acts repeated and continuing. The new facts alleged tend to show a continuance of maltreatment of the plaintiff by the defendant, and, in addition to reflecting light upon his conduct toward her, are in and of themselves

material on the main issue. They do not necessarily constitute a new and independent cause of action, but are rather in aid of the plaintiff's cause of action for a separation as made by her original pleading. N. Y. C. & H. R. R. Co. v. Haffen, 23 App. Div. 377, 48 N. Y. Supp. 316; Bell Telephone Co. v. Home Telephone Co., 52 App. Div. 13, 64 N. Y. Supp. 821. There is a precedent of long standing for granting the motion in actions for a separation. Cornwall v. Cornwall, 30 Hun, 573. Moreover, I think it falls directly within the express authority of section 544 of the Code of Civil Procedure, which provides that:

"Upon the application of either party, the court may, and, in a proper case, must, upon such terms as are just, permit him to make a supplemental complaint, answer or reply alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made, * * * the party may apply for leave to make a supplemental pleading, either in addition to or in place of the former pleading."

Of course, the conduct of the husband subsequent to the commencement of the action will be viewed in the light of the circumstances then existing with an action pending against him; but that goes to the weight, not to the materiality or competency, of the evidence. In this class of actions I think the court should favor amendments to the pleadings which will present all the material facts down to the time of the trial, so far as this may be done without delaying the trial of the issues. I am of opinion, therefore, that the Code authorizes such a pleading, and that the facts entitle the plaintiff to the relief demanded.

If follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

VAN BRUNT, P. J., and O'BRIEN and McLAUGHLIN, JJ., concur. PATTERSON, J., conurs in result.