EMMA J. KEITH v. ANNA MELLENTHIN and Others.

SAME v. JAMES W. CARVER.

SAME v. WILLIAM S. DIBBLE and Another.[1]

July 15, 1904.

Nos. 13,885, 13,886, 13,887—(93, 94, 95).

**Divorce—Contingent Interest of Wife in Husband's Land.**

Actions for partition of land which the plaintiff's husband once owned. He conveyed it by warranty deed, but the plaintiff did not join therein nor consent thereto. Thereafter one of his grantees recovered and docketed a judgment against him for an amount exceeding the one-third value of the land. After this the plaintiff was granted a divorce from her husband for his adultery. He then had no real or personal property. The land has been conveyed to the defendants. Neither the husband nor his judgment creditor is a party to this action. *Held:*

1. When the divorce was granted, the plaintiff's contingent interest in the land became absolute, and she was then the owner in fee and entitled to the possession of an undivided one-third thereof, subject, in its just proportion with the other real estate, if any, to the payment of such debts of the husband as could not be paid from his personal property, and entitled to partition of the land.

2. The judgment is not a legal lien on such one-third interest. The right of the husband's creditors to subject such interest to the payment of its just proportion of their claims cannot be enforced in these actions.

Separate actions for partition in the district court for Lyon county. The cases were tried together before Webber, J., who found in favor of plaintiff. From separate judgments entered pursuant to the findings, defendants severally appealed. Affirmed.

*V. B. Seward* and *Somerville & Olsen,* for appellants.

If immediately after her divorce from Wesley Keith plaintiff had commenced this action against Lewis Keith he could have set up his judgment against Wesley Keith as a bar to plaintiff's recovery. Whatever title and equities Lewis Keith ever had in this land passed to these defendants by his warranty deeds to them. So that these defendants, as grantees of Lewis Keith and as privies in interest with

[1] Reported in 100 N. W. 366.

him in these lands, now stand in the same position as he stood before he conveyed to them, and can assert the same rights. It is not a question of subrogation, but the simple question that a grantee and successor in interest in a title steps into the shoes of his grantor and has the same rights and equities in the land as his grantor had before him. The conveyance of the lands by Lewis Keith operated as an assignment of all his rights and equities under the judgment. Wright v. Parks, 10 Iowa, 342. It is well settled now in this state that the dower interest of a wife or husband is subject to debts of the deceased spouse. Johnson v. Minnesota Loan & Trust Co., 75 Minn. 4.

*M. E. Mathews* and *A. R. Pfau,* for respondent.

START, C. J.

Actions for partition of real estate in the county of Lyon, this state. They were heard as one case, and the facts in each, as found by the trial court, are substantially the following: On June 11, 1891, Wesley Keith was the owner of the lands involved herein. He was then a married man, and the plaintiff was his wife. On that day he purported to convey the lands by warranty deed to Lewis Keith and Luther Keith; but the plaintiff did not join in such deed or consent thereto. On July 12, 1892, Lewis Keith recovered and docketed a judgment for the sum of $9,745.82 in the district court of the county of Lyon against Wesley Keith, which has never been satisfied. Thereafter, and on January 31, 1893, the plaintiff by the same court was duly granted a decree of divorce from her husband on the ground of his adultery. At this time he had no real or personal property, but he was then indebted to Lewis Keith on his judgment to the full amount thereof. Thereafter Lewis and Luther Keith conveyed the lands in separate tracts to the defendants, respectively, by warranty deeds. The value of the lands at the time of the divorce was $7,720, and $21,600 at the commencement of these actions. Neither the husband nor the judgment creditor, Lewis Keith, is a party to the actions. The trial court found as a conclusion of law that the plaintiff was the owner in fee of an undivided one-third of the lands, that the defendants were the owners in fee of the other undivided two-thirds thereof, and that judgment for actual partition be entered. The defendants severally appealed from the judgments.

There is no controversy as to the effect of the divorce on the contingent interest of the wife in the lands conveyed by the sole deed of her husband. Section 4808, G. S. 1894, provides that,

> When a divorce is ordered for the cause of adultery committed by the husband, the wife shall be entitled to her dower in his lands, in the same manner as if he was dead.

If the husband in this case had died, instead of committing adultery, the plaintiff, by virtue of section 4471, G. S. 1894, would have been entitled to an undivided one-third in fee of the lands in question,

> Subject, in its just proportion with the other real estate, to the payment of such debts of the deceased as are not paid from the personal estate.

Therefore, when the divorce was granted for the adultery of her husband, the plaintiff's contingent interest in the lands became vested, and she at once, without any other proceedings, became the owner in fee and entitled to the possession of an undivided one-third thereof, subject, in its just proportion with the other real estate, if any, to the payment of such of his debts as could not be paid from his personal estate, and entitled to partition thereof as in other cases. Holmes v. Holmes, 54 Minn. 352, 56 N. W. 46; Johnson v. Minnesota Loan & Trust Co., 75 Minn. 4, 77 N. W. 421.

The defendants, however, claim that, because the judgment against the husband amounts to more than the value of her undivided one-third of the lands, she has in fact no interest therein, and that, as grantees and successors in interest in the land of the judgment creditor, they are entitled to all his rights and equities in the land, or, in other words, they are entitled to be subrogated to his rights, and that such rights and equities should be determined and adjusted in this action. It is neither necessary nor proper to here determine the rights of the defendants, as against their grantor, the owner of the judgment. Unnecessary, because, if it be conceded that the defendants stand in the shoes of their grantor, still the decision of the trial court was right; improper, because the necessary parties are not before the court. This conclusion necessarily follows from the essential character of the right of creditors of a husband, divorced for his adultery, to subject the undivided one-third interest of his real estate, which by the divorce be-

comes the property of the wife, to the payment of their debts; also, from the method of enforcing the right. The statute makes no provision for the enforcement of the right. Equity affords a remedy by an action brought for that purpose, to which all interested in the matter must be made parties. It is clear that the right does not belong exclusively to any one creditor, but to all the husband's creditors pro rata. The value of the land is limited, and the amount of the debts uncertain; hence no one creditor can maintain an action to subject the land exclusively to the payment of his debts. The action must be an equitable one for the benefit of all the creditors, in which the former wife will have the right to contest the validity of each creditor's claim; also, the question of the amount and value of the personal property of the husband and of his other real estate. Creditors may in such an action contest the claims of each other. Bell v. Mendenhall, 71 Minn. 331, 73 N. W. 1086, and 78 Minn. 57, 80 N. W. 843.

The fact that in the case at bar the court found the amount of the claim of the defendant's grantor, that it had not been paid, and that the husband had no real or personal property, is not material; for the plaintiff has the right to contest all these matters in an appropriate action to which all creditors are parties, so as to be bound thereby. The defendant's grantor is not a preferred creditor. The judgment was not against the plaintiff, or a legal lien on her contingent interest in the lands; for the judgment debtor conveyed his entire estate in the lands before the judgment was docketed. If the plaintiff had died after such conveyance without having been granted a divorce, the title of the husband's grantees would be absolute.

The setting off to the plaintiff in severalty of her undivided third of the lands will not prevent or embarrass an action on behalf of the creditors of her husband to subject her land to the payment of its just proportion of their debts. The defendants for obvious reasons ought not to be permitted to convert this action for partition into an action to enforce the right of creditors to subject the plaintiff's interest in the land to the payment of their debts. Were it otherwise, the proper parties are not before the court. It follows that the trial court's conclusion of law is fully justified by its findings of fact.

Judgment affirmed.