JOHN C. SODINI v. CLARA SODINI.[1]

November 24, 1905.

Nos. 14,537—(165).

**Divorce.**

A decree of absolute divorce was properly granted upon proof of marriage and of commission of acts of adultery, subsequent in time to the original answer, by plaintiff, as alleged in the supplemental answer which

[1] Reported in 104 N. W. 976.

was filed by permission of the court, and to which plaintiff replied. It was not a necessary condition to such decree that the defendant should first have proved the substantive offense charged in the original answer.

**Allowance to Wife.**

> Where an absolute divorce is granted the wife for the adultery of the husband, the court may make her a just allowance out of his personal property, in addition to the dower interest in his lands, which by virtue of section 4808, G. S. 1894, vests in her without the necessity of a judgment.

**Same.**

> The allowance of personal property made by the court in this instance was reasonable.

Appeal by plaintiff from a judgment of divorce entered in the district court for Hennepin county pursuant to the verdict of a jury and the findings and order of Elliott, J., and from an order, Brooks, J., denying a motion to modify the judgment with respect to the allowance of alimony. Affirmed.

*Mead & Robertson,* for appellant.

*Stan J. Donnelly* and *Harry Weiss,* for respondent.

JAGGARD, J.[2]

After the decision in this case, reported in 94 Minn. 301, 102 N. W. 861, counsel for plaintiff moved to amend his complaint, then seeking to annul the marriage between the parties hereto, so as to charge adultery and cruel and inhuman treatment. The court refused this motion, but allowed the defendant to file a supplemental answer, and the plaintiff to serve a reply. Defendant filed a supplemental answer, charging plaintiff with acts of adultery between May 1, 1904, and January 31, 1905, and between March 16 and 25, 1905, and with living in open adultery with a person named since March 26, 1905, to date of the supplemental answer. The plaintiff by his reply, in date subsequent to this supplemental answer, denied adultery and cruel and inhuman treatment, and alleged that defendant had condoned plaintiff's previous misconduct by living with plaintiff as his wife for two weeks prior to March 20, 1905, that is, three weeks before filing supplemental answer,

[2] ELLIOTT, J., who tried the case below, took no part.

and that the defendant had committed adultery with a person named in June and October, 1903.

The jury impaneled to try the issues of adultery charged found the plaintiff guilty and the defendant not guilty. Thereupon the court found as matters of fact, inter alia, that the acts of adultery on the part of the plaintiff appearing in the jury's verdict were never condoned by defendant; that he was the owner of the real estate described therein, and of personal property of the value of $8,050; that the defendant was entitled to an allowance of permanent alimony of $2,683.-33, besides $85 for suit money and expenses and $300 as attorney's fees. As conclusions of law, it held that defendant was entitled to have the bonds of matrimony dissolved, and her permanent alimony fixed in the sum mentioned. Thereupon judgment was entered accordingly, and also to the effect that the defendant was entitled to her dower in all the real estate, as fixed and determined by the statutes of this state. After the judgment had been entered, certain insurance on real estate was adjusted, and a motion was made by appellant to have the judgment reduced by the amount of one-third of $2,000 and was denied by the court. Thereupon the plaintiff took this appeal.

One of the principal assignments of error challenges the right of the defendant to make out a case under the supplemental answer alone. That supplemental answer was filed under order of court, on the theory that it was desirable to litigate all controversies up to the time of trial. Counsel for plaintiff consented to an answer which should cover all acts which had taken place since the filing and serving of the original answer. He subsequently replied to the supplemental answer actually served without objection. Upon the trial it is doubtful whether any objection to the admission of evidence under the supplemental answer was sufficiently raised to be the basis of an assignment of error in this court. Construing the record most liberally, however, counsel for the plaintiff will here be regarded as having duly objected to the introduction of testimony under the supplemental answer until the substantive offense under the original answer had been proved, because the supplemental answer was simply in aid of the original. Notwithstanding this objection, the court received the testimony. If this was error, the case must be reversed. To this end counsel cites Schwab v. Schwab, 93 Md. 382, 49 Atl. 331; 54 Atl. 653; Milner v. Milner, 2 Edw. Ch. 114; Faas

v. Faas, 57 App. Div. 611, 68 N. Y. Supp. 509; Lutz v. Lutz, 52 N. J. Eq. 241, 28 Atl. 315; Hill v. Hill, 10 Ala. 527; Campbell v. Campbell, 69 App. Div. 435, 74 N. Y. Supp. 979.

The defendant, expressly assuming the burden of maintaining her case as a plaintiff, proved the marriage and other preliminaries under the original answer and acts of adultery under the supplemental answer. It is always to the interest of the public that there should be an end to litigation. Broom, Leg. Max. 331. It especially conduces to public decency that all such controversies as are here involved should be promptly heard and finally decided. The court abused no discretion, on the contrary, exercised the soundest discretion, in not requiring the defendant to make out her case under the original answer before introducing evidence of subsequent adultery alleged in the supplemental answer. If after the answer was filed the plaintiff committed adultery, the defendant is entitled to divorce because only of that wrong properly put in issue by pleadings. Section 5270, G. S. 1894. Subsequent adultery will revive condoned adultery. 1 Nelson, Div. & Sep. § 456, et seq.; Smith v. Smith, 4 Paige, Ch. 432.

The other principal assignment of error objects to the amount of alimony as excessive. In so far as the objection is addressed to the conclusion in figures which the trial court reached, it is not well taken. That conclusion is justified by the evidence, and will not be disturbed, under the familiar rule as to review by this court of findings of fact of the trial court. Dunnell, Minn. Pr. § 1654, and cases cited.

Plaintiff, however, raises an interesting question of law in this connection. Section 4807, G. S. 1894, provides for permanent alimony "upon every divorce for any cause, excepting that of adultery committed by the wife." Section 4808, G. S. 1894, expressly provides that when the marriage is annulled for the acts of adultery committed by the husband, the wife shall be entitled to dower in his lands in the same manner as if he were dead. Counsel for plaintiff contends that these two sections, construed together, constitute a complete rule for determining what the wife may have when she gets a divorce on the ground of adultery; that section 4807 deals with alimony proper, as distinguished from dower; that both sections do not apply to the same case; and that therefore the trial court committed reversible error. This contention is not sustained by an examination of these two sec-

tions. Under section 4807, the court may give the wife "such part of the personal estate of the husband, not exceeding one-third part thereof in value, and such real estate of the husband, not exceeding the value of her dower, as it deems just and reasonable, having regard to the ability of the husband and the character and situation of the parties and all the other circumstances of the case." Accordingly, under section 4807, the court could have made the allowance of personalty and realty which has been made in this case by the judgment; but, until such order or decree was made, the wife would have no interest in the real estate. It is obviously not the purpose under section 4808 to give her any less relief in a case of the adultery of her husband than she could have received under section 4807 in case of his desertion. Its object is to vest the dower right in the wife without the necessity of a judgment of the court when the divorce is ordered on the ground of adultery of the husband. Keith v. Mellenthin, 92 Minn. 527, 100 N. W. 366. Accordingly, the judgment entered expressed the statutory right of the plaintiff as to real estate, and made a justifiable allowance of personal property.

A number of assignments of error are directed to the alleged improper rulings on evidence. After an examination of all of them, we are satisfied that they do not constitute sufficient grounds for reversal. The most meritorious among them are addressed to the overruling by the court of objections to questions concerning the indictment of the plaintiff. In connection with the charge of adultery as committed by the wife, there was evidence that at certain times she left her husband while abroad and while in this country at West Baden Springs, and had gone to the place where her alleged adultery was committed. The purpose of the questions was to show that she went at her husband's request, to inquire into the matter of the indictment against him, and to arrange so that he could return safely to Minnesota. One question was not answered; the objections to some others were not sufficient. The testimony was properly admitted under the circumstances.

Judgment affirmed.