## AUGUSTA LINSE v. CARL LINSE.[1]

June 8, 1906.

Nos. 14,769—(143).

**Divorce—Wife's Interest in Husband's Property.**

When divorce from the husband is granted to the wife upon the ground of adultery, her interest in the husband's estate is the same as upon his death. Holmes v. Holmes, 54 Minn. 352.

**Division of Property—Effect.**

But if in such action the wife freely and advisedly consents to a certain division of the estate and agrees to accept a certain amount as permanent alimony in lieu of all other interests, and such division is accepted and

[1]Reported in 108 N. W. 8.

adopted by the trial court, and judgment is entered that, except as to such amount, the wife has no share or interest in the husband's estate, such judgment is final unless set aside for cause, and, having accepted and retained the amount adjudged as permanent alimony, she is estopped from denying the validity of the judgment.

Appeal by defendant from an order of the district court for Steele county, Buckham, J., denying a motion for a new trial, after a trial and findings in favor of plaintiff for a partition as prayed. Reversed and judgment ordered for defendant.

*Littleton & Alexander* and *Harlan E. Leach,* for appellant.

*B. F. Hood* and *Sawyer & Sperry,* for respondent.

LEWIS, J.

Action in partition, commenced by respondent against her former husband, based upon the theory that she was entitled to a life estate in the homestead and to an undivided one-third interest in all of his real estate, notwithstanding the final judgment in divorce proceedings which decreed her a certain amount in lieu of all other interests in his estate.

The complaint sets forth the marriage of the parties, the ownership of appellant of certain land, a part of which constituted the homestead, and that a decree of divorce was entered March 8, 1904, in favor of respondent and against appellant upon the ground of adultery.

The answer alleged that during 1900, while the parties were living together as husband and wife respondent was seeking a separation, and making charges against appellant, and threatening to bring an action for divorce, appellant deeded to her one hundred twenty acres of land, the same being an equitable division of his property at that time, as a result of which no action was brought at that time, and respondent retained the property. The answer further states that at the time a subsequent action in divorce came on for trial in January, 1904, appellant and respondent entered into an agreement to the effect that respondent should retain the real property which had been deeded to her, and receive the further sum of $1,115 in cash, and in case a decree of divorce was entered in her favor the property so deeded and the money so received would be considered as her whole right, title, and interest in and to his estate; that thereupon the cause came on for

trial, resulting in judgment for divorce upon the grounds stated, which in part reads:

> That the plaintiff do have and recover of the defendant the sum of $1,150.85, as permanent alimony, and the costs and disbursements of this action, which sum is hereby made a specific lien upon the property of the said Carl Linse, defendant herein, and is to be paid within thirty days after the 8th day of March, 1904, which said property of defendant is described as follows, to wit: * * * It is further hereby ordered, adjudged, and decreed that, except as above herein provided, the plaintiff has no share, right, title, or interest in or to any of the property owned by or in the name of the defendant, and that the defendant has no share, right, title, or interest in or to any of the property owned by or in the name of the plaintiff.

To this answer a reply was interposed which admitted entry of the judgment in the divorce case, and alleged that the agreement as to the division of the real estate was procured by appellant from respondent by means of fraud and coercion while she was in ignorance of her legal rights in the premises, and that she signed the stipulation only under duress and in fear of appellant.

The court found that, prior to the entry of such judgment, the parties to such action entered into the stipulation referred to and that respondent was represented by an attorney of the court; appellant having made no appearance. The court also found that the stipulation for division of the property was not procured from respondent by reason of fraud or coercion on the part of appellant, but was executed by her with full knowledge of its provisions, and was her free act. The court further found that upon a former occasion appellant had deeded to his then wife the one hundred twenty acres of land worth $60 an acre, on account of which conveyance respondent dismissed the action for divorce then pending. As a conclusion of law the court directed that notwithstanding the judgment in the divorce action, respondent was entitled to a life estate in the eighty acres constituting the homestead, and a one-third interest in all the other real estate owned by appellant subject to its proportion of incumbrances thereon, and judgment was entered accordingly.

The appeal brings before the court one question, viz.: Conceding that the wife was entitled to a one-third interest in and to the lands of her former husband, and also to a life estate in the homestead, the divorce having been granted on the ground of adultery (G. S. 1894, § 4808), was she estopped by the judgment entered in the divorce action which decreed her the sum of $1,150.85 as permanent alimony, making the same a specific lien upon the property of appellant, and expressly adjudicated that she had no right, title, or interest in any of the lands of appellant, and that he had no right, title, or interest in or to any of her estate?

The decision of the trial court is based upon the case of Holmes v. Holmes, 54 Minn. 352, 56 N. W. 46, where it was held that the word "dower" was intended to mean that interest which the law makes for the wife in the estate of her husband in case of his death, so that when a divorce is ordered for the cause stated, the wife is entitled to a life estate in the homestead and to a one-third interest in the husband's real estate. However, it was further held in that case that while the decree of divorce established the right of the wife in the estate of the husband the statute did not contemplate that her interest should be set-off or assigned to her in the divorce proceedings. The holding of the court upon the latter question probably had the effect of misleading the learned trial judge. In that case the jurisdictional question and the power of the court to enforce the rights of the wife by a decree of divorce was based upon a statement found in Bishop on Marriage and Divorce. While the correctness of the decision in that respect is not necessarily involved in this appeal, it should not be construed to mean that the court is without jurisdiction in a case like this to determine the rights of the parties in the estate. According to the findings of the court respondent had already received practically one-third of the amount of the husband's estate. The record shows that she entered into the agreement of division advisedly; and the court accepted and adopted her decision. If she were overreached, taken by surprise or a fraud practiced upon her, or if the court inadvisedly and without due consideration accepted the agreement of the parties as to the division of the property, then such judgment might possibly be subject to revision in the divorce action.

But conceding that the validity of the judgment was a proper subject of review in this an independent collateral proceeding in partition, the facts as found constitute an absolute bar to respondent's action. The judgment with respect to the wife's interest in the husband's property was deliberately entered into by consent of the parties, and upon legal grounds is in itself a determination of that question. Upon equitable grounds, respondent having deliberately and advisedly entered into the agreement leading up to the judgment, and having accepted the money decreed by the court, she has no standing in this proceeding to set aside the judgment while she retains the benefit of the division upon which the judgment was based. Our view of the question is well covered by the case of Tatro v. Tatro, 18 Neb. 395, 25 N. W. 571, 53 Am. 820, where a similar statute was under consideration, and it was there expressly held that if upon rendering a decree of divorce the court in decreeing the property to the wife in the nature of permanent alimony awards a gross sum, it would be held to include all the property of the husband, including the right of dower, and that where all the parties in interest are before the court in a case where its jurisdiction is established, it will determine the entire controversy and award full and final relief. The supreme court of Wisconsin, in the case of Gallager v. Gallager, 101 Wis. 202, 77 N. W. 145, although having under consideration a different statute, expressly approved of Tatro v. Tatro, and also approved of the rule that an acceptance of a gross sum by the wife operates by way of estoppel to lawfully bar her right of dower, and all other widow's rights to the property. This court has repeatedly applied the same equitable principle, notably McAllen v. Hodge, 94 Minn. 237, 102 N. W. 707 (McAllen v. McAllen, 97 Minn. 76, 106 N. W. 100).

The principal case relied on by respondent, Seeley's Appeal, 56 Conn. 202, 14 Atl. 291, has no direct bearing upon the question. That case simply holds that a prior agreement between husband and wife as to alimony was void as against public policy, and consequently the wife was entitled to statutory interest in the husband's estate, notwithstanding the agreement, the decree having been entered without regard thereto and the money paid thereunder without the intervention of the court.

We hold that the trial court had jurisdiction of the subject-matter of the action and did not lose jurisdiction to adjust the property interests of the parties by the mere fact that the divorce was granted upon the ground of adultery. Further, having advisedly consented to the entry of the judgment as a final determination of her property rights, such judgment is a bar to this action in partition, and having accepted and retained the amount paid by appellant in accordance with the judgment, respondent is estopped upon equitable grounds from maintaining this action.

Judgment reversed and cause remanded, with directions to the trial court to amend its conclusions of law directing judgment for appellant.