ROSA GLASER v. WILLIAM KAISER.[1]

January 31, 1908.

Nos. 15,466—(193).

**Divorce—Wife's Rights in Husband's Land.**
    Section 3591, R. L. 1905, provides that, "when a divorce is granted because of the husband's imprisonment or because of his adultery, the wife shall be entitled to the same interest in his lands as if he was dead, to be allowed in the same manner." It is *held:*

[1] Reported in 114 N. W. 762.

103 M.—16

1. That under this section a wife divorced from her husband because of his adultery owns and is entitled to the possession of his real estate, if there be no living issue of the marriage.

2. That it is not unconstitutional because inflicting a cruel and unusual punishment.

Action in the district court for Sibley county to obtain possession of certain premises. The facts are stated in the opinion. From an order, Morrison, J., sustaining a demurrer to the complaint, plaintiff appealed. Reversed.

*C. C. Joslyn,* for appellant.

*W. H. Leeman,* for respondent.

JAGGARD, J.

The complaint in this action in the nature of ejectment, alleged the following facts: Plaintiff and appellant had previously brought an action for divorce against her husband, the respondent, on the ground of adultery. Judgment and decree had been entered in her favor. It was thereby adjudged that plaintiff have absolute divorce on the ground of adultery committed by her husband, and that she was entitled to the same interest in all the lands owned by William Kaiser as though he were dead, as fixed by the statutes of the state of Minnesota. The husband then owned certain described premises and occupied the same as his homestead, and after decree refused on demand to surrender possession to plaintiff. Plaintiff prayed judgment that she was the sole owner and entitled to immediate possession thereof. To this complaint defendant demurred. This appeal was taken from the order of the court sustaining the demurrer.

Prior to the revision of 1905, the law applicable to this state of facts was section 24, c. 66, R. S. 1851, being section 4808, G. S. 1894. It reads as follows: "When the marriage is dissolved by the husband being sentenced to imprisonment, and when a divorce is ordered for the cause of adultery committed by the husband, the wife shall be entitled to her dower in his lands in the same manner as if he was dead." The term "dower," as used in this section, was held in Holmes v. Holmes, 54 Minn. 352, 56 N. W. 46, to extend to and to include the later statutory provisions for the wife, instead of dower, in the lands of the deceased husband. Under this section it became the set-

tled law of this state that, when a divorce from a husband was granted to the wife on the grounds of adultery, her interest in the estate was the same as upon his death. Keith v. Mellenthin, 92 Minn. 527, 100 N. W. 366, 104 Am. St. 679; Sodini v. Sodini, 96 Minn. 329, 330, 104 N. W. 976; Linse v. Linse, 98 Minn. 243, 108 N. W. 8.

1. That law was not altered by the revision of 1905. Section 3591, which contains the statutory rule applicable to this case, reads as follows: "When a divorce is granted because of the husband's imprisonment or because of his adultery, the wife shall be entitled to the same interest in his lands as if he was dead, to be allowed in the same manner." The argument of the defendant is that the change in the statute was to substitute in the place of the word "dower" the absolute and statutory interest to which the wife was entitled under the decisions in her favor, and not to change the status of her interest in her husband's property in any way whatever. The language of the statute does not bear out this construction. It is plain, unambiguous, and needs no construction. That no reciprocal punishment is imposed upon the wife's adultery and that the result is a gross hardship to the husband is no reason why the court should set aside the clear expression of legislative intention. Stitt v. Smith, 102 Minn. 253, 113 N. W. 632. Construction of other sections does not alter this conclusion. See sections 3589, 3590, 3592.

2. Nor is the argument that the law is unconstitutional because inflicting cruel and unusual punishment (section 5, art. 1, Const. Minn.) tenable. One reason urged is that the husband might be imprisoned, the wife then granted a divorce, the husband subsequently acquitted or discharged on appeal to the supreme court or on a new trial, and the wife be given the whole estate in the absence of issue. Assuming this to be a proper construction of the statute, and that, if it should be, any court would grant an absolute divorce while an appeal or a motion for a new trial was pending, and assuming, further, that in consequence this part of the statute would be void, the provision as to the award of the interest in real estate when a divorce was granted because of adultery would be valid. It is elementary that a statute may be void in part and valid as to the rest.

A second reason urged is that an extreme and unusual punishment

is inflicted. It is true that many statutes do not give the wife so large an interest in her husband's real estate when he is divorced for adultery. The general principle is clear, however, that, the greater the enormity of the husband's misconduct and the more grievous the wrongs of the wife, the more liberal should be the award of alimony. 14 Cyc. 775. And see cases in note 42; and see page 778, note 51, and page 781, notes 61–63. There is especial propriety in allowing the injured wife to have the homestead. Courts may, in the exercise of their discretion, award the wife all her husband's real estate. Miller v. Miller, 38 Wash. 605, 80 Pac. 816; Mitchell v. Mitchell, 39 Wash. 431, 81 Pac. 913. There is some force to the consideration that it is competent, by parity of reasoning, for the legislature to determine that a wife shall have the same interest in her husband's estate as if he were dead. Indeed, in Michigan her dower interest is given her, the same as though her husband was dead, in case of divorce for his misconduct. This was held to embrace his extreme cruelty in Rea v. Rea, 63 Mich. 257, 29 N. W. 703. A fortiori, the rule in this state limiting her similar interest to cases where the divorce is granted for adultery is valid.

It appears from the complaint that there was no living issue of the marriage. Plaintiff was entitled to the whole of defendant's real estate and to the immediate possession thereof.

Order reversed.