SCHMIDT, Appellant, vs. RAYMOND, Administrator, Respondent.

*January 13—January 30, 1912.*

*Estates by the curtesy: Rights of wife's creditors.*

1. In this state the right of creditors of a deceased wife to have her estate subjected to the payment of her debts takes precedence over the husband's estate by the curtesy.
2. Curtesy initiate has been abrogated in this state.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

Louisa Schmidt died intestate on November 30, 1908, and left surviving her the plaintiff, who was her husband, and one son, the issue of the marriage between plaintiff and deceased. At the time of her death she was the owner of 160 acres of land which had been mortgaged to one Phillips to secure a loan of $450. The plaintiff joined in the execution of this mortgage. The mortgaged premises were sold on foreclosure proceedings in March, 1910, for $950, which sum exceeded the amount due on the mortgage and the costs of foreclosure in the sum of $355.55, which amount was paid to the administrator of the estate of said Louisa Schmidt. Unsecured claims were allowed against the estate of the deceased in the county court to the amount of $217.62. The plaintiff petitioned said court to have his interest as a tenant by the curtesy admeasured and set apart to him out of the proceeds of the foreclosure sale in the hands of the administrator, prior to the depletion of the fund by the payment of the expenses of administration or the debts of the deceased other than that secured by the aforesaid mortgage. The prayer of the petition was granted, and on appeal the circuit court reversed the decision of the county court and remanded the cause to the county court with directions that the debts allowed against the estate of the decedent and the costs of administra-

tion be paid out of the surplus moneys in the hands of the administrator derived from the foreclosure sale before the admeasurement of curtesy in favor of the plaintiff, and that plaintiff have curtesy in the balance of said fund remaining after such debts and expenses were paid. From this judgment plaintiff appeals.

For the appellant the cause was submitted on the briefs of *John A. Daniels.* He contended, *inter alia,* that where a wife incumbers her real estate by a mortgage in which her husband joins, and the land is sold under the mortgage, he having a right of curtesy in the land, the mortgage will be paid out of the purchase money and the husband will have curtesy in the balance. *Robinson v. Lakenan,* 28 Mo. App. 135; *In re Freeman,* 116 N. C. 199, 21 S. E. 110; 12 Cyc. 1014, note; *Kemph v. Belknap,* 15 Ind. App. 77, 43 N. E. 891; *Hampton v. Cook,* 64 Ark. 353, 62 Am. St. Rep. 194; *In re Camp,* 126 N. Y. 377, 27 N. E. 799. In our state the married women's act controls curtesy initiate and suspends its operation, but it attaches to her real estate as at common law and becomes consummate immediately on the death of the wife in all the lands of which she dies seized not disposed of by will. Sec. 2180, Stats. (1898). It partakes of the same nature as the curtesy given the husband at common law. 12 Cyc. 1003; *Shortall v. Hinckley,* 31 Ill. 219; *Williams v. Lanier,* 44 N. C. 30; *Canby's Lessee v. Porter,* 12 Ohio, 79; *Lancaster Co. Bank v. Stauffer,* 10 Pa. St. 398; *Kingsley v. Smith,* 14 Wis. 360; *In re Starbuck's Estate,* 63 Misc. 156, 116 N. Y. Supp. 1030; *Neelly v. Lancaster,* 47 Ark. 175, 1 S. W. 66.

For the respondent the cause was submitted on the brief of *Morris & Hartwell.*

BARNES, J. The appellant was entitled to curtesy in the real estate owned by his deceased wife at the time of her death. Sec. 2180, Stats. (1898). The only question in-

volved is whether the right of her creditors to have her estate subjected to the payment of her debts is paramount to the right of appellant. The question must be answered in the affirmative. Sec. 3874, Stats. (1898), provides that, where the personal estate of a deceased person is insufficient to pay debts and expenses of administration, the personal representative may mortgage, lease, or sell his real estate, excepting the homestead, to pay such debts and expenses, on obtaining a license so to do in the manner provided. No exception is made in favor of the husband who is entitled to an estate by the curtesy. It is argued, however, that the same rules of law are applicable to dower and curtesy, and that the dower interest of the wife cannot be reached by creditors of the husband. There was a close analogy between dower and curtesy at common law, but this analogy has been destroyed by statute. Curtesy· initiate has been abrogated in this state. Secs. 2342 and 2180, Stats. (1898). By the first section the wife during coverture has the absolute right to convey her real estate without the husband joining in the conveyance, and he is not entitled to an estate by the curtesy in lands so conveyed. By the second section the husband is given an estate as tenant by the curtesy, or curtesy consummate, only in such lands as the wife died seized of and as were not disposed of by will. The wife has an inchoate right to dower in lands owned by her husband, of which she cannot be deprived by any act of her husband without her consent evidenced by a deed of conveyance or in some other appropriate manner. Sec. 2159, Stats. (1898). It is beyond his power to defeat that interest by will. By operation of law, as soon as marriage occurs, the wife acquires an inchoate interest in the real estate of her husband owned by him at the time of marriage, and also in lands thereafter acquired by him. The husband acquires no interest in the lands of his wife prior to her death. She may convey or devise her lands and entirely defeat his right to curtesy. So it is apparent that dower and curtesy

do not stand on the same footing, in so far as the rights of creditors are involved.    It is quite significant that, while sec. 3885, Stats. (1898), provides for the admeasurement of dower, in the event of it being necessary to sell the lands of a deceased husband to pay debts, no such provision is found in regard to curtesy.    If the legislature had considered that the right of the husband by curtesy took precedence over the claims of creditors, no doubt a provision would have been made for the admeasurement of curtesy as well as of dower. The conclusion reached in this case is supported by the following cases decided elsewhere: *Bennett v. Camp,* 54 Vt. 36; *Arrowsmith v. Arrowsmith,* 8 Hun, 606; *Johnson v. Minnesota L. & T. Co.* 75 Minn. 4, 77 N. W. 421.    The cases cited by the appellant, with possibly one exception, deal with the right of curtesy as it existed at common law, where the husband had an inchoate right in the estate of the wife during coverture.

*By the Court.*—Judgment affirmed.